Mark E. BUERGER, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–00–00928–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 1, 2001.

Bruce Cameron Kaye, Houston, for appellant.

Rikke Burke Graber, Houston, for appellee.

Panel consists of Justices BRISTER, FOWLER, and SEYMORE.

**CORRECTED OPINION**

SEYMORE, Justice.

This court's opinion of October 4, 2001, is withdrawn, and this opinion is issued in its place.

Appellant, Mark E. Buerger, appeals his conviction for possession with intent to deliver cocaine, alleging the trial court erred in denying his motion for new trial, in predetermining his sentence, and in assessing a sentence that constituted cruel and unusual punishment. We affirm.

### I. FACTUAL BACKGROUND

Appellant was charged by indictment with the first degree felony offense of possession of cocaine, weighing more than four grams and less than two-hundred, with intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon Supp. 2001). Appellant pled guilty to the charged offense without an agreed punishment recommendation. The trial court de-ferred adjudication of appellant's guilt and placed him on ten years' probation. Conditions of appellant's probation required him to, *inter alia*, (1) commit no offense against the laws of this or any other state; (2) remain at his residence between 10:00 p.m. and 6:00 a.m. everyday, with an exception for work; (3) pay certain fees and fines; and (4) participate in a community service program at the rate of ten hours per month.

Less than a year after the trial court granted probation, the State filed a motion to adjudicate appellant's guilt and alleged several violations of the terms and conditions of his probation. Before a hearing on the motion to adjudicate, the trial court offered appellant ten years' confinement in lieu of an adjudication hearing. Appellant declined the offer. After the motion to adjudicate hearing, the trial court found appellant guilty of the original charge for which he had received deferred adjudication. Appellant was sentenced to fifteen years' confinement in the Texas Department of Criminal Justice—Institutional Division. Appellant then filed a motion to recuse the trial judge, which was denied. Appellant filed and requested a hearing on his motion for new trial. The trial court denied appellant's request for a hearing and, simultaneously, denied the motion for new trial. In three points of error, appellant now appeals his sentence and the denial of his request for a hearing on the motion for new trial.

### II. ISSUES PRESENTED FOR REVIEW

In his first point of error, appellant complains the trial court erred in refusing his request for a hearing on the motion for new trial. In his second point of error, appellant complains the trial court erred in predetermining his sentence. In his third and final point of error, appellant complains that the fifteen-year sentence im-

posed by the trial court constitutes cruel and unusual punishment.

### III. DENIAL OF HEARING ON MOTION FOR NEW TRIAL

In his first point of error, appellant complains that the trial court abused its discretion by denying his request for a hearing on the motion for new trial because he raised matters not determinable from the record.[1]

Before addressing the merits of this point, we must address the State's argument that we lack jurisdiction to decide this issue. The State contends we have no jurisdiction because "an appeal may not be taken from the trial court's determination to proceed with an adjudication of guilt." *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.2001) (providing "[t]he defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination."). This is a correct statement of the law; however, it does not apply to deprive us of jurisdiction in this case. Although the substance of appellant's motion for new trial involved claims arising from the determination to adjudicate, the issue he presents—that the trial court erred in failing to hold a hearing on his motion for new trial—does not arise from the determination to adjudicate guilt. *See Amaro v. State,* 970 S.W.2d 172, 173 (Tex.App.—Fort Worth 1998, no pet.); art. 42.12, § 5(b) ("After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and

defendant's appeal continue as if the adjudication of guilt had not been deferred."). A motion for new trial is a post-adjudication proceeding; therefore, article 42.12, section 5(b) does not preclude our review of appellant's claim. Accordingly, we will address this point on its merits. *See* art. 42.12, § 5(b); *Amaro,* 970 S.W.2d at 173 (finding that a motion for new trial is reviewable, notwithstanding the fact that it addresses issues arising from the determination to adjudicate); *Keller v. State,* 854 S.W.2d 224, 227 (Tex.App.—Beaumont 1993, pet. ref'd) (addressing claim that trial court erred by failing to grant a motion for new trial concerning probation revocation despite state's argument that reviewing court had no jurisdiction under article 42.12).

 We review a trial court's denial of a hearing on a motion for new trial for an abuse of discretion. *State v. Gonzalez,* 855 S.W.2d 692, 696 (Tex.Crim.App.1993). Under that standard, we reverse "only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Id.* at 695 n. 4. We may not substitute our judgment for that of the trial court, but rather must decide whether the trial court's decision was arbitrary or unreasonable. *Id.*

 The purpose of a hearing on a motion for new trial is for a defendant to develop the issues raised in the motion. *Jordan v. State,* 883 S.W.2d 664, 665 (Tex. Crim.App.1994). When a motion for new trial presents matters that are not determinable from the record, the trial court abuses its discretion by failing to hold a hearing; conversely, if the motion presents

---

1. In briefing this issue, appellant also framed his argument as a challenge to the trial court's denial of his motion for new trial. However, the substance of appellant's brief addresses only the denial of a hearing on that

motion. Thus, to the extent appellant purports to raise denial of the motion for new trial, we find that appellant has waived appellate consideration of that issue. *See* TEX.R. CIV. P. 38.1(h).

matters that are determinable from the record, the trial court does not abuse its discretion by failing to conduct a hearing. *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim.App.1993). Nevertheless, a defendant does not have an absolute right to a hearing on a motion for new trial. *Id.* at 815. Prerequisite to a hearing, the motion for new trial must be supported by an affidavit specifically showing the truth of the grounds alleged as a basis for a new trial. *Id.* at 816. Affidavits which are conclusory in nature and unsupported by facts are not sufficient to put the trial court on notice that reasonable grounds for relief exist. *Jordan*, 883 S.W.2d at 665.

Appellant complains on appeal that his affidavit addressed the following three grounds for relief which are not determinable from the record: (1) he received ineffective assistance of counsel; (2) he was not fully alert and oriented during the adjudication proceeding because he had not received his daily medication; and (3) the trial court predetermined his sentence.[2]

■ Whether the trial court predetermined appellant's sentence is determinable from the record. The record includes the following stipulation of evidence: "[P]rior to the commencement of the hearing on the record, the Honorable Jim Wallace ... indicated that in lieu of a hearing on the motion to adjudicate guilt, he would give Mr. Buerger a ten year prison sentence."

In addition, the parties stipulated to the following: (1) appellant rejected the offer and received a motion-to-adjudicate hearing; (2) during that hearing, the State asked the trial court whether it would sentence appellant to ten years with the possibility of considering shock probation in the future; (3) the court indicated that, because appellant wanted a hearing, it intended to continue with the hearing; and (4) "at the conclusion of the evidence" the court found appellant guilty and sentenced him to fifteen years' confinement. The appellate record also includes a transcript of the motion-to-adjudicate hearing. Because appellant's complaint regarding predetermination of sentence is determinable from the record, we find that the trial court did not abuse its discretion in refusing to grant a hearing on appellant's motion for new trial as to this complaint.

Whether appellant received ineffective assistance of counsel[3] or was incompetent during the adjudication hearing is not determinable from the record. Therefore, we must determine whether appellant's affidavit provides reasonable grounds which would entitle him to a hearing on his motion for new trial. *See Jordan*, 883 S.W.2d at 665.

■ In support of his motion, appellant offered only his own sworn affidavit,[4] which provides, in relevant part (1) "My attorney did not advise me that a continuance, an objection to the trial judge or a Motion to recuse the Judge could be filed";

---

**2.** As to predetermination, appellant averred:

> I was not afforded the opportunity to have a fair adjudication hearing or a magistrate that would consider the full range of punishment (if the allegations made against me were established) because the judge had already determined that I should receive at least a ten (10) year prison sentence (even though no evidence had been produced in open court).

**3.** *See Jordan*, 883 S.W.2d at 665 (noting that ineffective assistance claim was not determinable from the record).

**4.** The affidavit is not required to reflect every component legally required to establish relief, but the motion for new trial or affidavit must reflect that reasonable grounds exist for holding that such relief could be granted. *Jordan*, 883 S.W.2d at 665.

and (2) "During these proceedings, I did not receive medication that I regularly took and this prevented me from being fully alert and oriented during these proceedings." Nevertheless, appellant has failed to allege, through his affidavit, reasonable grounds necessary to grant relief on either his ineffective assistance or incompetence claim.

The assertions in appellant's affidavit are conclusory and establish no facts entitling him to a new trial. For instance, he did not allege what medication he needed; why it was needed or how its absence affected his competency during the hearing; what aspect of the hearing he failed to appreciate while he was unalert and disoriented; or what he would have changed if he had been alert and oriented during the hearing.

Appellant also failed to explain in his affidavit the significance of his attorney's failure to advise him that he could file a continuance, an "objection to the trial judge," or a motion to recuse the trial judge.[5] He failed to explain or demonstrate how these actions, if true, were deficient or how they harmed him.

Accordingly, we find that appellant's affidavit was insufficient to establish facts which would entitle him to a hearing on his motion for new trial. *See, e.g., Jordan,* 883 S.W.2d at 665 (finding affidavit, filed in support of ineffective assistance claims, conclusory where appellant alleged, *inter alia,* counsel failed to properly investigate the facts and failed to subpoena two named witnesses but failed to say why counsel's investigation was deficient or what further investigation would have revealed); *Watson v. State,* 37 S.W.3d 559, 561 (Tex. App.—Beaumont 2001, no pet.) (finding supporting affidavit conclusory in nature because it omitted any specific detail re-

garding what aspect of an agreement appellant failed to understand or what consequence of his plea he failed to appreciate in spite of having been admonished at length by the trial court). Because the supporting affidavit was deficient, we hold that the trial court did not abuse its discretion in failing to hold a hearing on appellant's motion for new trial.

Appellant's first point of error is overruled.

## IV. PREDETERMINATION OF SENTENCE

In his second point of error, appellant contends the trial court violated his due process rights by prejudging and predetermining his sentence, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and in violation of Article 1, section 19 of the Texas Constitution.

We review a sentence imposed by the trial court for abuse of discretion. *Jackson v. State,* 680 S.W.2d 809, 814 (Tex. Crim.App.1984). As a general rule, a penalty assessed within the proper punishment range will not be disturbed on appeal. *Id.*

The range of punishment for possessing between four and two-hundred grams of cocaine, with intent to deliver, is 5 to 99 years' incarceration or incarceration for life, with a fine not to exceed $10,000. *See* TEX. PEN.CODE ANN. § 12.32 (Vernon 1994). Appellant's punishment of fifteen years' confinement is clearly on the lower end of the range of punishment permitted by the legislature.

The Constitutional mandate of due process requires a neutral and detached judicial officer who will consider the

---

**5.** The record reveals that appellant did, albeit through an attorney other than his original trial counsel, file a motion to recuse the trial judge.

full range of punishment and mitigating evidence. *See Gagnon v. Scarpelli,* 411 U.S. 778, 786–87, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). A trial court denies due process where it arbitrarily refuses to consider the entire range of punishment for an offense or refuses to consider mitigating evidence and imposes a predetermined punishment. *McClenan v. State,* 661 S.W.2d 108, 110 (Tex.Crim.App.1983). This occurs when a trial court actually assesses punishment at revocation consistent with the punishment it has previously announced it would assess upon revocation. *Sanchez v. State,* 989 S.W.2d 409, 411 (Tex. App.—San Antonio 1999, no pet.). In the absence of a clear showing to the contrary, we presume that the trial court was neutral and detached. *Fielding v. State,* 719 S.W.2d 361, 366 (Tex.App.—Dallas 1986, pet. ref'd) (citing *Thompson v. State,* 641 S.W.2d 920, 921 (Tex.Crim.App.1982)).

Appellant argues that the court's offer of ten years' confinement in lieu of a hearing on the motion to adjudicate guilt, coupled with the fifteen year sentence it imposed after the hearing, indicates the trial court predetermined appellant's punishment prior to hearing any evidence. Appellant presumes in his brief that the trial court "increas[ed] the punishment simply because Appellant made the court hold a hearing."

▬ Appellant relies upon *Howard v. State* in support of his argument that the trial court predetermined his sentence. *See* 830 S.W.2d 785 (Tex.App.—San Antonio 1992, pet. ref'd). In *Howard,* the court of appeals held that the trial court failed to consider the full range of punishment when the court, in placing appellant on deferred adjudication, threatened to sentence appellant to 99 years' incarceration as punishment if appellant violated his probation, and when the court later assessed 99 years after revoking appellant's proba-

tion. *Id.* at 787–89. However, the facts in appellant's case are distinguishable from those in *Howard* and in similar cases in which the trial court was found to have predetermined appellant's sentence. *See, e.g., Jefferson v. State,* 803 S.W.2d 470, 471–72 (Tex.App.—Dallas 1991, pet. ref'd) (finding that the trial court predetermined appellant's sentence by promising him, at the time he was placed on deferred adjudication probation, that he would receive 20 years' imprisonment if he violated the terms of his probation and, thereafter, sentencing appellant in accordance with that promise); *Cole v. State,* 757 S.W.2d 864, 865–66 (Tex.App.—Texarkana 1988, pet. ref'd) (noting that trial court's statements indicated it determined the 75 year sentence prior to considering the mitigating evidence, when the court noted on the docket sheet that the defendant would receive 75 years' imprisonment if he violated probation, then stated, "If you come back in here for any reason whatsoever, there won't be an opportunity to give me an excuse. You get the 75, okay," and when the trial court, in fact, sentenced appellant to 75 years' imprisonment).

In these cases the trial judge essentially promised the defendant that if he did not comply with the terms of his probation, he would be sentenced to a particular number of years in prison. *See Sanchez v. State,* 989 S.W.2d 409, 411–12 (Tex.App.—San Antonio 1999, no pet.). Here, the context in which the trial court offered ten years indicates the court neither promised nor threatened to sentence appellant to any number of years' imprisonment. The court made the ten year offer at, and not prior to, the revocation/adjudication proceeding. The court's offer further indicated that appellant had a right to a hearing by offering the ten years merely as an option. Furthermore, the record reflects that the trial court considered the evidence

offered in appellant's behalf before it imposed sentence. During the hearing, the State called four witnesses, three of whom appellant cross-examined. Appellant testified in his defense, and he also examined seven other witnesses. Both appellant and the State offered closing arguments. Despite appellant's plea of "not true," and based on the evidence it heard, the trial court found that appellant violated terms and conditions of his probation. We must assume that, in order to make such a determination, the trial court considered the evidence presented.

Before assessing punishment, the trial court heard trial counsel's argument, in which he asked that the court give appellant "something that is in the lower range of punishment," which is exactly what the trial court did. The trial court could have assessed appellant's punishment at life or 5 to 99 years' incarceration, with a fine not to exceed $10,000. *See* TEX. PEN.CODE ANN. § 12.32. Appellant's punishment (fifteen years) is clearly on the lower end of the range of punishment permitted by the legislature. The trial court also heard appellant's testimony that he did not want to go to prison because he had a child on the way. Appellant further testified that he broke curfew "that day" but that he still reported, worked, performed community service, and "did everything else." During one exchange with appellant, the trial court made the following statement, which indicated that it considered the evidence presented before assessing punishment:

> "[I]f I was [sic] you, with the cloud of going to prison on a first-degree felony for five to ninety-nine years or a life sentence and I knew what the terms and conditions of my probation were, I would make sure I was home at 9:00 and not in

confrontation with people and make sure I did my community service and walked a very fine line to make sure that I didn't violate my probation."

In light of the foregoing, we find that appellant has failed to demonstrate that the trial court arbitrarily refused to consider the entire range of punishment before sentencing appellant to fifteen years' confinement.

Accordingly, appellant's second point of error is overruled.

## V. SENTENCE CRUEL AND UNUSUAL

In his third and final point of error, appellant contends the fifteen year sentence he received, for a mere technical violation of curfew, was so excessive as to constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

■■■■ We review the trial court's punishment decision for an abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex.Crim.App.1984). If the trial court assesses punishment within statutorily prescribed limits, the punishment is not cruel and unusual and generally will not be disturbed on appeal. *Id.; Samuel v. State*, 477 S.W.2d 611, 614 (Tex.Crim.App.1972).

■■■■ Appellant erroneously assumes he received fifteen years' confinement for a curfew violation.[6] If a defendant violates the conditions of his deferred adjudication probation, the trial court is empowered to assess the full range of punishment upon an adjudication of guilt. *Cabezas v. State*, 848 S.W.2d 693, 695 (Tex.Crim.App.1993). Proof of any one alleged violation is sufficient to support an order revoking proba-

---

**6.** The judgment adjudicating guilt shows that the trial court found appellant violated the terms and conditions of his probation by "fail[ing] to abide by the Court's order to adhere to a curfew," a "technical violation."

tion. *O'Neal v. State,* 623 S.W.2d 660, 661 (Tex.Crim.App.1981). Thus, while the curfew and other violations certainly precipitated the court's assessment of fifteen years' confinement, the trial court made it clear that it was adjudicating appellant's guilt for the manufacture and delivery of a controlled substance, not for violation of curfew. Specifically, the trial court stated "Based on the evidence I heard, I find that there was [sic] violations of the terms and conditions of probation. Based on those, *I adjudicate you guilty of manufacture/delivery of a controlled substance.*" (emphasis added).

After the trial court adjudicated appellant's guilt, article 42.12, section 5(b) of the Code of Criminal Procedure authorized the trial court to proceed as if adjudication of guilt had not been deferred. *See* Tex.Code Crim. Proc. Ann. art. 42.12, § 5(b). As discussed above, appellant faced possible punishment of life or any term of not more than 99 years or less than five years, and a fine not to exceed $10,000, for the possession with intent to deliver charge. *See* Tex. Pen.Code Ann. § 12.32.

The fifteen year sentence appellant received clearly falls within the permissible range for the charged offense. We find appellant has not shown that his sentence was cruel and unusual.

Appellant's third and final point of error is overruled.

All points of error having been overruled, the judgment of the trial court is affirmed.