In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00305-CR

____________


MORRIS LAMONT HAYWOOD, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 263rd District Court 

Harris County, Texas

Trial Court Cause No. 892404 





MEMORANDUM OPINION


 A jury convicted appellant, Morris Lamont Haywood, of tampering with a
governmental record and assessed punishment at 12 years' confinement in prison. In
three issues, appellant contends that the evidence at trial was legally and factually
insufficient to support his conviction and that the trial court erred in declining to hold
an evidentiary hearing on his motion for new trial. We affirm. 

Background

 On October 29, 2001, appellant rented a computer workstation at a Houston-area Kinko's copy store. Appellant downloaded a computer program entitled
"Versacheck," which enabled him to create and print personal checks. After appellant
experienced difficulties with the program, appellant asked Cole Lambert, a store
employee, how to impose a graphic onto the check that he was creating. Lambert was
unable to answer appellant's question and later telephoned the police because he
suspected that appellant was forging illegal checks.

 In response to Lambert's telephone call, Houston Police Officers J.M. Gonzales
and Richard Gonzales were dispatched to the store. Upon their arrival, Lambert
escorted the officers to appellant's computer workstation, where Officer J.M.
Gonzales saw the check-making program displayed on the computer monitor. Officer
J.M. Gonzales also saw a variety of items scattered around appellant's workstation. 
After appellant was unable to provide proper identification, the officers escorted
appellant outside the store and placed him inside a police vehicle. Officer J.M.
Gonzales then re-entered the store and collected the items at appellant's workstation.

 Among the items recovered from appellant's workstation were 26 "Texas
Department of Public Safety Temporary Permits." The permits purported to be
temporary driver's licenses that were "valid until 07-03-2001," issued to a licensee
"under 21," issued under the number "H1242070010," and issued on "05-04-2001." 
In addition, each permit contained a State of Texas seal in its backdrop and described
the licensee as five feet and four inches tall and as having brown eyes. The permits
were otherwise blank and did not provide a date of birth or name of the licensee. 
Appellant was subsequently arrested and charged with tampering with a
governmental record. 

Legal & Factual Sufficiency

 In his first two points of error, appellant contends that the evidence was both
legally and factually insufficient to support his conviction because the State failed to
prove that the documents he possessed were "blank governmental record forms" in
accordance with section 37.10(a)(4) of the Penal Code. Tex. Pen. Code Ann. §
37.10(a)(4) (Vernon 2003). 

 A legal-sufficiency challenge requires us to determine whether, after viewing
the evidence in the light most favorable to the verdict, a rational jury could have
found each element of the offense beyond a reasonable doubt. Westbrook v. State, 29
S.W.3d 103, 111 (Tex. Crim. App. 2000). The jury is the exclusive judge of the
credibility of witnesses and of the weight to be given their testimony, and it is also
the exclusive province of the jury to reconcile conflicts in the evidence. Id.

 

 Our review of the factual sufficiency of the evidence requires us to ask whether
a neutral review of all the evidence, both for and against the finding, demonstrates
that the proof of guilt is so obviously weak as to undermine confidence in the jury's
determination or that the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000). 

 The indictment in this case alleged that appellant "on or about October 29,
2001, did then and there unlawfully, with intent that it be used unlawfully, possess
a blank governmental record form, namely a permit, to-wit: Texas Department of
Public Safety Temporary Permit with intent to defraud and harm another." The State
attached a copy of one of the temporary permits to the indictment. The Penal Code
criminalizes any act of possessing, selling, or offering to sell "a governmental record
or a blank governmental record form with intent that it be used unlawfully." Tex.
Pen. Code Ann. § 37.10(a)(4) (Vernon 2003). "Governmental record" is defined as
any "license, certificate, permit, seal, title, letter of patent, or similar document issued
by government, by another state, or by the United States." Tex. Pen. Code Ann. §
37.01(2)(C) (Vernon 2003). At issue in this appeal is whether the State proved that
the temporary permit met the definition of a document "issued by government." See
Tex. Pen. Code Ann. §37.01(2)(C). 

 

 Here, the State had the burden to prove that the temporary permits were
"governmental records" as defined in section 37.01 of the Penal Code. See Tex. Pen.
Code Ann. § 37.01(2)(A)-(D); Pokladnik v. State, 876 S.W.2d 525, 527 (Tex.
App.--Dallas 1994, no pet.); Constructors Unlimited, Inc. v. State, 717 S.W.2d 169,
174 (Tex. App.--Houston [1st Dist.] 1986, pet. ref'd). Our review of the record
leads us to conclude that the State met this burden with sufficient evidence. 

 All 26 temporary permits were admitted into evidence as State's exhibit 13. 
Officer J.M. Gonzales testified that State's exhibit 13 consisted of "26 Texas
Department of Public Safety Temporary Permits." In addition, the documents
themselves contain the language "Texas Department of Public Safety Temporary
Permit" and depict a graphic of a state seal. Appellant presented no evidence at trial
to counter the State's evidence. It was well within the jury's purview as the exclusive
judge of the credibility of witnesses to find that the 26 temporary permits were
governmental record forms that are issued by government. See Westbrook, 29 S.W.3d
at 111. 

 Relying on our previous holding in Constructors Unlimited, however, appellant
argues that, because there was no evidence that he "submitted" the temporary permits
to the Department of Public Safety, no rational fact-finder could have found the
essential elements of the offense beyond a reasonable doubt. See Constructors
Unlimited, 717 S.W.2d at 174. Appellant's reliance on Constructors Unlimited is
misplaced. In that case, this court addressed the issue of when a document becomes
a governmental record under former section 37.01(1)(A) of the Penal Code. (1) Id. The
case arose when a corporate general contractor and its president made false entries
in government contract forms by swearing that "all current invoices and obligations
have been paid in full." Id. at 172-73. These false entries formed the basis of
criminal charges. Id. 

 In reversing the convictions, we held that the forms containing the false
statements were not government records at the time that the president signed them. 
Id. at 174. In reaching this decision, we reasoned that, at the time that the forms were
executed, they did not belong to the government, had not been received by the
government, and had not been kept by the government for information, as required
by section 37.01(1)(A). Thus, the forms did not become government records until
they were submitted to the government entity. Id. at 173-74; see also Pokladnik, 876
S.W.2d at 527 (citing Constructors Unlimited in holding that lien-foreclosure
affidavits did not meet the statutory definition of "government record"). 

 

 In the present case, the State was not required to show that the 26 permits
"belonged to government" as stated in section 37.01(2)(A). Tex. Pen. Code Ann. §
37.01(2)(A). Rather, the State had to prove only that appellant possessed a blank
governmental-record form issued by the government as contemplated in section
37.01(2)(C). Tex. Pen. Code Ann. § 37.01(2)(C). 

 We hold that the evidence was legally sufficient to enable a rational jury to find
beyond a reasonable doubt that appellant possessed blank "governmental record
forms" as defined in section 37.01(2)(C). See Westbrook, 29 S.W.3d at 111. 
Similarly, in reviewing the factual sufficiency of the evidence, we cannot say that the
evidence, viewed in a neutral light, demonstrates that the proof of appellant's guilt
is so obviously weak as to undermine confidence in the jury's determination that
appellant possessed blank governmental-record forms. See Johnson, 23 S.W.3d at
11. Thus, we further hold that the evidence was factually sufficient to support the
jury's finding of guilt. 

 We overrule appellant's first and second issues. 

Denial of Hearing on Motion for New Trial

 In his third point of error, appellant asserts that the trial court erroneously
denied him an evidentiary hearing on his motion for new trial because his motion
raised a matter--ineffective assistance of counsel--that was not determinable from
the record. Appellant contends that this error violated his right to confrontation under
the Sixth Amendment. U.S. Const. amend. VI.

 When a motion for new trial presents matters that are not determinable from
the record, the trial court abuses its discretion in declining to hold an evidentiary
hearing. Reyes v. State, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). A defendant,
however, does not have an absolute right to a hearing on a motion for new trial. Id. 
The motion for new trial must be supported by an affidavit specifically showing the
truth of the grounds alleged as a basis for a new trial. Id. at 816. Affidavits that are
conclusory in nature and unsupported by facts are insufficient to put the trial court on
notice that reasonable grounds for relief exist. Jordan v. State, 883 S.W.2d 664, 665
(Tex. Crim. App. 1993). 

 Appellant timely filed a motion for new trial, which was properly presented to
the trial court. In his motion for new trial, appellant alleged that his trial counsel was
ineffective in failing to (1) explain to appellant the effects and nature of the
enhancement provisions, (2) communicate with appellant prior to one week before
trial, (3) obtain the presence of an "essential" witness, (4) interview the State's
witnesses, (5) establish a defense at trial, (6) emphasize the "extreme efforts" used by
police officers to identify appellant, (7) obtain a continuance, (8) file pre-trial
motions, (9) object to a surveillance video, and (10) provide appellant with a "copy
of the file of the defense attorney." Attached to his motion, appellant filed a short,
conclusory affidavit, swearing that he "read the foregoing motion for new trial and
. . . all of the allegations of fact contained therein are true and correct." 

 We find that appellant's motion for new trial and accompanying affidavit were
insufficient to entitle him to a hearing on his motion for new trial. The bare
assertions contained in appellant's motion for new trial are conclusory in nature and
lack specific facts that show the truth of the grounds alleged. See Reyes, 849 S.W.2d
at 815. Furthermore, appellant did not demonstrate in his motion or affidavit how the
alleged omissions of trial counsel were deficient or how they harmed him. See
Buerger v. State, 60 S.W.3d 358, 363 (Tex. App.--Houston [14th Dist.] 2001, pet.
ref'd). We hold, therefore, that appellant has not shown that the trial court erred in
refusing to conduct a hearing on his motion for new trial. See Reyes, 849 S.W.2d at
816. Because of our holding, we need not address appellant's alternative argument
that Rule of Appellate Procedure 21.7, allowing trial courts to receive evidence by
affidavit on motions for new trial, violates a defendant's Sixth Amendment right to
confrontation. See Tex. R. App. P. 21.7. 

 We overrule appellant's third point of error. 

Conclusion


 We affirm the judgment of the trial court. 









 Elsa Alcala


 Justice


Panel consists of Justices Hedges, Jennings, and Alcala.


Do not publish. Tex. R. App. P. 47.2(b).
1. Former section 37.01(1)(A) defined "governmental record" as anything
"belonging to, received by, or kept by government for information." Act of
May 24, 1973, 63rd leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 946
(amended 1994) (current version at Tex. Pen. Code Ann. § 37.01(2)(A)
(Vernon 2003)).