Affirmed and Memorandum Opinion filed January 13, 2004









Affirmed and Memorandum Opinion filed January 13,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01060-CR

____________

 

GREGORY ARRELLANO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 184th
District Court

Harris County, Texas

Trial Court Cause No. 885,409

 



 

M E M O R A N D U M  O
P I N I O N








Appellant Gregory Arrellano was
charged with aggravated sexual assault of a child.  See Tex.
Pen. Code Ann. ' 22.021(a)(1)(B)(iii),(a)(2)(B)
(Vernon Supp. 2004).  He pleaded guilty
with an agreed recommendation of eight years= deferred adjudication, a
$1,000 fine and certain enumerated conditions. 
The trial court found the evidence substantiated appellant=s guilt, deferred adjudication,
placed appellant on community supervision for eight years, and assessed a fine
of $1,000.  Subsequently, the trial court
adjudicated appellant=s guilt and sentenced him to
fourteen years= confinement in the Texas
Department of Criminal Justice, Institutional Division.  Appellant filed a motion for new trial and
for arrest of judgment, alleging (1) ineffective assistance of counsel at the
adjudication hearing, (2) newly discovered evidence, and (3) legally and
factually insufficient evidence to show violation of the conditions of
supervision.  The trial court denied the
motion without a hearing.  We affirm.

DISCUSSION

In his sole issue for review, appellant argues the trial
court erred by not granting him a hearing on his motion for new trial.  The State argues this court should overrule
appellant=s issue because appellant did
not request a hearing and therefore did not preserve the issue for appeal.  The State does not address the merits of
appellant=s motion.

Preservation of Appellate Issue

Appellant presented his motion for new trial to the court
within ten days of filing it and provided the court with a proposed order
including four options.  The first two
provided for setting a hearing; the third, for granting the motion without a
hearing; and the last, for overruling the motion without a hearing.  The trial court checked the last option and
signed the order.  On this record, we
conclude appellant sufficiently preserved the issue.  See Reyes v. State, 82 S.W.3d 351, 354
(Tex. App.CHouston [1st Dist.] 2001, no
pet.) (per curiam) (suggesting specific request not
necessary if motion is presented and is sufficient to raise matter not
determinable from record).

The Merits of Appellant=s Motion

A defendant may not appeal the decision to adjudicate
guilt.  Tex.
Code Crim. Proc. Ann. art. 42.12 ' 5(b) (Vernon Supp. 2004).  This court, however, has jurisdiction to
review the trial court=s decision to deny a motion for
new trial without a hearing because this claim does not arise from the
determination to adjudicate.  Daniels
v. State, 63 S.W.3d 67, 69 (Tex. App.CHouston [14th Dist.] 2001, pet.
ref=d).








In Buerger v. State,
for example, this court reviewed the trial court=s denial of a hearing on a
motion for new trial, in which the defendant alleged, in part, he received
ineffective assistance of counsel at the adjudication hearing.  60 S.W.3d 358, 362B63 (Tex. App.CHouston [14th Dist.] 2001, pet.
ref=d).  The Buerger
court reviewed the trial court=s denial of a hearing on the
motion for new trial because such a motion is a post-adjudicative proceeding,
and Article 42.12, section 5(b) does not preclude review.  Id. at 361; see also Daniels,
63 S.W.3d at 69.  In Buerger,
the court concluded there had been no abuse of discretion because the
assertions in the defendant=s affidavits were conclusory and established no facts entitling the defendant
to a new trial.  Buerger,
60 S.W.3d at 363.

When a motion for new trial presents matters not determinable
from the record that could entitle appellant to relief, the trial court abuses
its discretion in failing to hold a hearing. 
King v. State, 29 S.W.3d 556, 569 (Tex. Crim.
App. 2000).  However, a defendant  must support the motion by an affidavit
specifically showing the truth of the grounds of attack.  Id. 
Nevertheless, a defendant need not establish a prima facie case for a
single cognizable ground raised in his motion for new trial.  Jordan v. State, 883 S.W.2d 664, 665
(Tex. Crim. App. 1994). 
The test is whether the motion and affidavit reflect that reasonable
grounds exist for holding that relief could be granted.  Id. 








 To obtain reversal on
the grounds of ineffective assistance of counsel, a defendant must show (1) his
counsel=s representation fell below an
objective standard of reasonableness, based on prevailing professional norms,
and (2) there is a reasonable probability that, but for his counsel=s unprofessional errors, the
result of the proceeding would have been different.  Valencia v. State, 946 S.W.2d 81, 83
(Tex. Crim. App.1997); see Strickland  v. Washington, 466 U.S. 668, 687, 694,
104 S. Ct. 2052, 2064, 2068 (1984).  To
obtain a new trial on the basis of newly discovered evidence, a defendant must
show (1) the new evidence was unknown to defendant at the time of trial; (2)
failure to discover the evidence was not due to defendant's lack of diligence;
(3) the evidence has a materiality that probably would cause a different result
in another trial; and (4) the evidence is admissible and not merely cumulative,
corroborative, collateral or impeaching. 
Margraves v. State, 56 S.W.3d 673, 685 (Tex. App.CHouston [14th Dist.] 2001, no
pet.); see also Moore v. State, 882 S.W.2d 844, 849 (Tex. Crim. App. 1994).

Thus, both a claim of ineffective assistance and a claim of
newly discovered evidence contain a materiality element, i.e., a showing
of the probability of a different result.[1]  The trial court, in the motion for new trial,
was presented with conflicting evidence on the issue of whether V.V. had
contact with appellant.  Having compared the evidence at the
adjudication hearing with the affidavits offered in support of the motion for new
trial, we conclude the result would probably not differ, even given the
additional evidence.  Appellant therefore
did not present reasonable grounds for holding relief could be granted.  See Jordan, 883 S.W.2d at  665.  We find no abuse of
discretion.

We overrule appellant=s sole issue for review.

We affirm the judgment of the trial court.

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed January 13, 2004.

Panel
consists of Chief Justice Hedges and Justices Anderson and Guzman.

Do Not
Publish C Tex. R. App. P. 47.2(b).











[1]  The standard
of materiality in a claim for newly discovered evidence is more stringent than
that for claims of ineffective assistance of counsel.  See Strickland v. Washington,
466 U.S. 668, 694, 104 S.Ct. 2052, 2068 (1984).