Affirmed and Memorandum Opinion filed July 8, 2004









Affirmed and Memorandum Opinion filed July 8, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01345-CR

NO. 14-03-01346-CR

NO. 14-03-01347-CR

____________

 

JOHN
DWIGHT PRESCOTT A/K/A PATRICK PRESCOTT, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

 

___________________________________________________________________

 

On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause Nos. 949,073; 949,390 & 949,391

 

___________________________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant, John Dwight Prescott,
a/k/a Patrick Prescott, appeals his convictions for burglary with intent to
commit theft.  In his sole issue,
appellant challenges the trial court=s
assessment of punishment as excessive and disproportionate to the offenses
committed.  We affirm.








Factual
and Procedural Background

Appellant was charged by
indictments in cause numbers 949,073, 949,390, and 949,391 with the felony
offenses of burglary with intent to commit theft on or about
April 29, 2003, May 15, 2003, and May 4, 2003, respectively.  The indictments contained two enhancement
paragraphs, including appellant=s prior
felony convictions for burglary of a habitation and unauthorized use of a motor
vehicle.  Appellant entered a guilty plea
to all three offenses without an agreed recommendation by the State as to
punishment, and he pled  true to the
enhancement paragraphs.  The trial court
found appellant guilty, and on October 23, 2003, the court assessed punishment
at confinement for twelve years in the Institutional Division of the Texas
Department of Criminal Justice for each offense, with the sentences to be
served concurrently.  Appellant filed a
written, pro se notice of appeal from all three convictions.  

DISCUSSION

In one issue, appellant argues
that the twelve-year sentence assessed against him constitutes cruel and
unusual punishment in violation of the Eighth Amendment of the United States
Constitution and Article 1, section thirteen of the Texas Constitution.  U.S.
Const. Amend. VIII; Tex. Const.
art. I, ' 13.  He argues the sentence is excessive and
disproportionate to the offenses committed.

Punishment is grossly
disproportionate to the crime only if the sentence is extreme when compared to
the gravity of the offense.  Baldridge
v. State, 77 S.W.3d 890, 893 (Tex. App.CHouston
[14th Dist.] 2002, pet. ref=d).  If a sentence is determined to be grossly
disproportionate to the offense, we then compare the sentence received to
sentences for similar crimes.  Id.  








Appellant did not object at the
sentencing hearing that the sentences imposed violated his constitutional
rights.  Nor did he raise these arguments
in a post‑trial motion.[1]  To preserve a complaint for appellate review,
appellant must have made a timely request, objection, or motion, stating the
specific grounds for the ruling sought.  Tex. R. App. P. 33.1(a).  It is well established that failure to raise
an Eighth Amendment objection at trial waives any such claim on appeal.  Curry v. State, 910 S.W.2d 490, 497
(Tex. Crim. App. 1995); Nicholas v. State, 56 S.W.3d 760, 768 (Tex. App.CHouston
[14th Dist.] 2001, pet. ref=d).  

Even had appellant preserved his
complaint for appellate review, it lacks merit. 
Appellant=s
sentence is not grossly disproportionate. 
Punishment assessed within the statutory range is not disproportionate
and does not violate the federal and state constitutional prohibitions of cruel
and unusual punishment.  Harris v.
State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Buerger v. State,
60 S.W.3d 358, 365 (Tex. App.CHouston
[1st Dist.] 2001, pet. ref=d).  The punishment range for burglary with intent
to commit theft, with two enhancements, is imprisonment for two to twenty years
and assessment of a fine of up to $10,000. 
Tex. Pen. Code Ann. '' 12.42,
30.02 (Vernon 2003 & Supp. 2004). 
Appellant=s
twelve-year sentence falls within the statutory range; therefore, it does not
constitute excessive, cruel, or unusual punishment.  See Harris, 656 S.W.2d at 486.  

Appellant argues that even though
a sentence may be within the range of punishment permitted by statute, it
nonetheless may violate the Eighth Amendment prohibition against cruel and
unusual punishment.  See Hicks v.
State, 15 S.W.3d 626, 632 (Tex. App.CHouston
[14th Dist.] 2000, pet. ref=d).  He asserts we should compare the offenses
against the severity of the sentence, judging the gravity of the offenses in
light of the harm caused and the offender=s
culpability.  See Culton v. State,
95 S.W.3d 401, 403 (Tex. App.CHouston
[1st Dist.] 2002, pet. ref=d).  








Appellant contends he injured no
one in the commission of these three burglaries.  He and his family testified about his
long-term drug problem and his desire to receive treatment. Accordingly,
appellant requested the trial court assess community supervision instead of
imprisonment so that he could enter a residential drug treatment program.  Appellant admitted, however, that he had
failed to complete the terms of community supervision imposed for prior
offenses.  Further, testimony at the
sentencing hearing revealed the first of these three burglaries was committed
on the same day appellant was paroled from prison.  Appellant admitted at the punishment hearing
that he had committed between ten and twenty burglaries in the twenty-day
period between his parole and his arrest on these charges.  Also, appellant had been convicted previously
of seven felonies and five misdemeanors. 


The State need not treat an
accused charged under a recidivist statute in the same manner as a first
offender.  See Rummell v. Estelle,
445 U.S. 263, 284, 100 S. Ct. 1133, 1144 (1980); Hicks, 15 S.W.3d at
632.  In sentencing a repeat offender,
the court may consider his prior convictions. 
Id.  We consider a
defendant=s criminal history when reviewing
a claim that a sentence is grossly disproportionate.  Id. 
In light of appellant=s
extensive criminal history, we cannot say that the sentence imposed by the
trial court constitutes excessive, cruel, or unusual punishment in violation of
the United States or Texas constitutions.

Appellant=s sole
issue is overruled.  We affirm the
judgments of the trial court.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion filed July 8, 2004.

Panel consists of Chief Justice Hedges and Justices Frost and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 











[1]  In addition, appellant
failed to provide evidence in the record reflecting sentences imposed on
similar offenses in Texas or other jurisdictions, as required by Solem v.
Helm, 463 U.S. 277, 291 (1983).