Affirmed and Memorandum Opinion filed January 11, 2005









Affirmed and Memorandum Opinion filed January 11,
2005.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01375-CR

____________

 

RODERICK KENT
SMITH,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 174th
District Court

Harris County, Texas

Trial Court Cause No. 743,415

 



 

M EM O R A N D U M   O P I N I O N

Appellant’s community supervision was
revoked and a ten-year sentence imposed after the trial court found appellant
had violated the terms of his community supervision.  On appeal, he asserts the evidence was
legally and factually insufficient to support the revocation, and also that the
trial court erred by admitting the hearsay testimony of appellant’s former
counselor.  We affirm.

 

 








Factual and Procedural Background

Appellant was convicted of aggravated
sexual assault of a child in 1997. 
Appellant was sentenced to ten years of community supervision and was
assessed a $10,000.00 fine.  In April of
2003, the State filed a Motion to Revoke Community Supervision, alleging
appellant had violated six conditions of his community supervision.  In May of 2003, the State amended the motion
to include a seventh violation.  After a
revocation hearing, the trial court revoked appellant’s probation, sentenced
him to ten years in the Texas Department of Criminal Justice, Institutional
Division, and assessed a $10,000.00 fine.

Legal and Factual Sufficiency
Challenge








In his first point of error, appellant
urges this court to find the evidence was legally and factually insufficient to
support the revocation of his community supervision.  However, appellant’s true complaint is that
the “the sentence assessed against him was excessive and disproportionate to
the crime committed.”  Thus, appellant’s
first point of error is a constitutional challenge under the cruel and unusual
punishment provisions of the U.S. and Texas constitutions.  Appellant failed to raise his constitutional
challenge in the trial court.  Appellant
did not object when he was sentenced, nor did he raise this complaint in his
motion for new trial.[1]  Thus, he has not preserved the issue on
appeal.  See, e.g., Curry v. State,
910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (holding error waived due to lack of
objection in the trial court); Arellano v. State, No. 14-99-00461-CR,
2000 WL 330029, at *1 (Tex. App.—Houston [14th Dist.] Mar. 30, 2000, pet.
ref’d) (not designated for publication) (finding appellant had not preserved
error on claim that punishment was cruel and unusual because appellant neither
objected to the sentence nor otherwise challenged it). Even if appellant had
preserved the issue, the punishment the trial court assessed—ten years—is
within the statutorily prescribed limits. 
See Tex. Penal Code §
22.021(e) (categorizing aggravated sexual assault as a first degree felony); Tex. Penal Code § 12.32 (a) (setting
first degree felony punishment range from not less than five years to not more
than ninety-nine years).  When a trial
court assesses a punishment within these limits, “the punishment is not cruel
and unusual and generally will not be disturbed on appeal.”  Buerger v. State, 60 S.W.3d 358, 365
(Tex. App.—Houston [1st Dist.] 2001, pet. ref’d); Mendez v. State, No.
14-01-01270-CR, 2002 WL 31398811, at * 3 (Tex. App.—Houston [14th Dist.] Oct.
24, 2002, no pet.) (not designated for publication) (“[T]he imposition of a
sentence within the statutory limits is not cruel and unusual
punishment.”).  We overrule appellant’s
first point of error.

Hearsay Testimony








In his second point of error, appellant
asserts the trial court erred by admitting hearsay testimony from appellant’s
former counselor, Dr. Peraino.  During
his direct examination, Dr. Peraino testified—without objection—that appellant
had not attended any of his required counseling sessions in March of 2003.[2]  Later, during cross-examination, Dr. Peraino
acknowledged that his knowledge of this came from what other counselors told
him about appellant’s failure to attend sessions.  At that point, appellant’s counsel objected
and asked the trial court to strike the hearsay testimony.  We find this objection came too late.  To preserve error in admitting this
testimony, appellant needed to object each time the inadmissible testimony was
offered.  Valle v. State, 109
S.W.3d 500, 509 (Tex. Crim. App. 2003); Ethington v. State, 819 S.W.2d
854, 858 (Tex. Crim. App. 1991); Weyandt v. State, 35 S.W.3d 144, 154
(Tex. App.—Houston [14th Dist.] 2000, no pet.). 
Any error the trial court may have committed in admitting this testimony
was cured because the same evidence—that appellant had failed to attend
counseling sessions in March of 2003—came in during Dr. Peraino’s direct examination
without objection.  See Purtell v.
State, 761 S.W.2d 360, 368 (Tex. Crim. App. 1988) (en banc) (“It is
well-settled that an error in admission of evidence is cured where the same
evidence comes in elsewhere without objection; defense counsel must object
every time allegedly inadmissible evidence is offered.”).  We overrule appellant’s second point of error
and affirm.

 

 

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Opinion filed January 11, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Seymore.

Do
Not Publish — Tex. R. App. P.
47.2(b).

 











[1]  Our review of
the record reveals appellant never raised this complaint at the trial court
level, either in the original proceedings or the subsequent motion to revoke
his community supervision.





[2]  One of the
violations alleged in the motions to revoke appellant’s community supervision
was for appellant’s failure to attend the treatment sessions in March of 2003.