

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-09-093-CR

NATHAN FREEMAN                                                          APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

The trial court adjudicated Appellant Nathan Freeman guilty of aggravated assault and sentenced him to twenty years' confinement. In seven points, Freeman argues that the trial court erred by denying his motion for continuance and his trial counsel's motion to withdraw and abused its discretion by finding

---

[1] See Tex. R. App. P. 47.4.

true five alleged community supervision violations that "resulted in an increased punishment assessment by the trial court." We will affirm.

## II. BACKGROUND

In December 2007, pursuant to a plea bargain agreement, Freeman waived his right to a jury trial, signed a judicial confession admitting guilt, and pleaded guilty to the offense of aggravated assault. The trial court accepted the plea agreement, deferred adjudicating Freeman's guilt for the offense of aggravated assault, and placed Freeman on five years' deferred adjudication community supervision. The deferred adjudication order contained numerous terms and conditions of Freeman's community supervision.

On October 2, 2008, the State filed a motion to proceed with an adjudication of guilt. The motion alleged that Freeman had violated several terms and conditions of his community supervision by (1) choking Holly Anne Tingle with his hand, hitting Tingle's head with his hand, throwing Tingle on the floor, and slamming Tingle on the sofa; (2) failing to pay a fine in accordance with his payment plan for the month of September 2008; (3) failing to pay court costs and any warrant fee in accordance with his payment plan for the month of September 2008; (4) failing to pay his court-appointed counsel fee in accordance with his payment plan for the month of September 2008; (5) failing to complete four hours per week of community service restitution; (6) failing to

2

timely complete a drug and alcohol evaluation; (7) failing to attend counseling once per week and to continue attending counseling until released with successful completion; (8) failing to timely submit to a psychological evaluation; and (9) failing to participate in an anger management course. On March 4, 2009, the day of the hearing on the State's motion to adjudicate, the trial court denied Freeman's motion for continuance and his trial counsel's motion to withdraw, both of which were filed that same day. After a hearing on the motion, the trial court found each of the State's allegations true, found Freeman guilty of the offense of aggravated assault, and sentenced him to twenty years' confinement. Freeman appeals.

### III. COUNSEL OF CHOICE

In his first and second points, Freeman argues that the trial court denied him his right to the counsel of his own choosing because it denied his motion for continuance and his trial counsel's motion to withdraw.

The code of criminal procedure provides that "[a] criminal action may be continued on the written motion . . . of the defendant, upon sufficient cause shown." Tex. Code Crim. Proc. Ann. art. 29.03 (Vernon 2006). The grant or denial of a motion for continuance is within the sound discretion of the trial court, and our review of the denial of the motion is limited to whether the trial court abused that discretion. *Renteria v. State*, 206 S.W.3d 689, 699 (Tex.

Crim. App. 2006); *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996), *cert. denied*, 522 U.S. 825 (1997).

The federal and Texas constitutions guarantee a defendant in a criminal proceeding the right to have assistance of counsel. *Gonzalez v. State*, 117 S.W.3d 831, 836 (Tex. Crim. App. 2003). The right to assistance of counsel contemplates the defendant's right to obtain assistance from counsel of the defendant's choosing.[2] *Powell v. Alabama*, 287 U.S. 45, 53, 53 S. Ct. 55, 58 (1932); *Gonzalez*, 117 S.W.3d at 836–37. The defendant's right to the counsel of his choice, however, is neither unqualified nor absolute; while there is a strong presumption in favor of a defendant's right to retain counsel of his choice, this presumption may be overridden by other important considerations relating to the integrity of the judicial process and the fair and orderly administration of justice. *Gonzalez*, 117 S.W.3d at 837. "An accused . . . may not use his constitutional right to counsel so as to manipulate the

---

[2] Freeman states in his brief that the trial court denied him the right to counsel of his own choice under the United States Constitution and the Texas Constitution, but he does not set forth any argument or authority that the protections afforded by the Texas Constitution differ from the protections afforded by the United States Constitution. We therefore do not separately analyze Freeman's inadequately briefed state constitutional contention. *See, e.g., Obando v. State*, No. 14-07-00359-CR, 2008 WL 2133292, at *1 n.1 (Tex. App.—Houston [14th Dist.] May 20, 2008, no pet.) (mem. op., not designated for publication); *see also* Tex. R. App. P. 38.1(I).

commencement of his trial to suit his convenience and pleasure." *Neal v. State*, 689 S.W.2d 420, 427 (Tex. Crim. App. 1984), *cert. denied*, 474 U.S. 818 (1985).

There is no mechanical test to evaluate when the denial of a continuance violates the right to select counsel of one's choice; therefore, we must evaluate each scenario on a case-by-case basis. *See Ex parte Windham*, 634 S.W.2d 718, 720 (Tex. Crim. App. 1982). In deciding whether to grant a continuance because of the absence of the defendant's choice of counsel, the trial court should weigh the following factors: (1) the length of the delay requested; (2) whether other continuances were requested and whether they were denied or granted; (3) the length of time in which the accused's counsel had to prepare for trial; (4) whether another competent attorney was prepared to try the case; (5) the balanced convenience or inconvenience to the witnesses, the opposing counsel, and the trial court; (6) whether the delay was for legitimate or contrived reasons; (7) whether the case was complex or simple; (8) whether the denial of the motion resulted in some identifiable harm to the defendant; and (9) the quality of legal representation actually provided. *Id.* It is not our role to reweigh the factors; instead, we must determine whether the trial court could reasonably have balanced these factors and concluded that the fair and efficient administration of justice weighed more heavily than Freeman's right to

5

counsel of his choice. *Greene v. State*, 124 S.W.3d 789, 794 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd).

The State argues that Freeman did not preserve this issue for review. Assuming without deciding that Freeman preserved this issue for appellate review, the trial court did not abuse its discretion by denying Freeman's motions. The record demonstrates that Freeman requested a continuance to "find and prepare for hearing with new counsel," but there is no indication in the record regarding how long of a delay Freeman was requesting to find and prepare for the hearing with new counsel. The State filed its motion to proceed with an adjudication of guilt on October 2, 2008, and Freeman's trial counsel filed a notice of representation and appearance the following day, October 3, 2008. The hearing on the State's motion did not take place until March 4, 2009. Freeman's trial counsel thus had several months to prepare for the hearing. There is nothing in the record to show that another competent attorney was prepared to try the case; indeed, at the hearing on the State's motion, Freeman's trial counsel stated that Freeman had just decided on "Friday" (likely February 27, 2009) that he wanted to find substitute counsel. There is little explanation regarding the reason for the requested delay; the motion for continuance stated that Freeman wanted new counsel, and in the motion to withdraw, trial counsel reasoned that Freeman "has expressed

6

concerns with my dedication to his cause, and he seeks to retain or be appointed new counsel." Freeman concedes that the case "was not extremely difficult to try." At the hearing on the State's motion, Freeman's trial counsel thoroughly cross-examined the State's witnesses, questioned Freeman about the State's allegations, and argued that the court should take into consideration Freeman's "solid work history" and "interest and desire to support his family" when determining his sentence. No previous continuances had been granted, but the case had been reset several times, and the motion for continuance and motion to withdraw were filed on the day of the hearing.

In light of the record, the trial court could reasonably have balanced the *Windham* factors and concluded that the fair and efficient administration of justice weighed more heavily than Freeman's right to counsel of his choice. *See Windham*, 634 S.W.2d at 720; *Greene*, 124 S.W.3d at 794. Accordingly, we hold that the trial court did not abuse its discretion by denying Freeman's motion for continuance to secure counsel of his choice and trial counsel's motion to withdraw. We overrule Freeman's first and second points.

IV. SENTENCE

In his third, fourth, fifth, sixth, and seventh points, Freeman argues that the evidence is insufficient to support—and that the trial court therefore abused its discretion by finding true—the State's allegations that he violated his

7

community supervision by failing to pay a fine, failing to pay court costs, failing to pay his court-appointed counsel fee, failing to timely complete a drug and alcohol evaluation, and failing to timely submit to a psychological evaluation. But Freeman does not contest the trial court's decision to adjudicate his guilt; he does not challenge the trial court's findings of true to the State's other four allegations. Instead, Freeman argues that the trial court's abuse of discretion in finding true the above five allegations "resulted in an increased punishment assessment by the trial court." According to Freeman, "if the trial court had correctly found that these five violations [were] not true, a lower punishment would have been assessed."

It is well established that proof by a preponderance of the evidence of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). Further, article 42.12, section 5(b) provides that, once guilt is adjudicated, the case then proceeds as though adjudication of guilt was never deferred. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2009).

Sentencing is within the sound discretion of the trial court. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Generally, as long as a

sentence is within the statutory range of punishment and has a factual basis in the record, it will not be disturbed on appeal. *Id.* Accordingly, once guilt is adjudicated, a defendant is subject to the entire range of punishment for the offense. *Ditto v. State*, 988 S.W.2d 236, 238–39 (Tex. Crim. App. 1999); *Buerger v. State*, 60 S.W.3d 358, 365 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

Aggravated assault is a second degree felony, punishable by imprisonment for any term of not more than twenty years or less than two years. Tex. Penal Code Ann. §§ 12.33(a), 22.02(b) (Vernon Supp. 2009).

Here, at the adjudication hearing, a Denton County probation supervisor testified that Freeman was in violation of each ground alleged by the State in its motion to adjudicate. Also, Tingle testified that she dated Freeman for two to three months; that Freeman moved in with her at some point before August 11, 2008; that on August 11, 2008, Freeman "tossed" her around, threw her on her bed, and choked her with his hand; and that on August 13, 2008, Freeman slapped her face with a cell phone bill, "tossed" her around on the ground and on the couch, causing her to hit her head, and hit her ear with his hand, which he had wrapped in a towel. After considering the evidence adduced at the hearing, the trial court found the State's allegations true and adjudicated Freeman guilty of aggravated assault. Freeman's twenty-year

9

sentence is within the authorized penalty range, and he does not challenge the trial court's findings of true to the State's allegations that he violated his community supervision by choking Tingle, hitting Tingle, throwing Tingle on the floor, and slamming Tingle on the sofa; failing to complete community service restitution; failing to attend counseling; and failing to participate in an anger management course. Freeman's argument that he would have received a lesser sentence had the trial court not found true the five challenged allegations is unpersuasive because the trial court could have sentenced him to twenty years' confinement based on its findings of true to the allegations that he does not challenge. Accordingly, we overrule Freeman's third, fourth, fifth, sixth, and seventh points.

## V. CONCLUSION

Having overruled Freeman's seven points, we affirm the trial court's judgment.

PER CURIAM

PANEL: MEIER, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 10, 2009