Opinion issued April 21, 2026



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-0073-CR

_____

**GRACIE ANN MATA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Case 97640-CR**

---

## MEMORANDUM OPINION

The appellant pleaded guilty to the third-degree felony offense of driving while intoxicated with two prior DWI convictions. The trial court assessed punishment at ten years' confinement. In a single point of error the appellant claims her sentence was grossly disproportionate to her offense. We affirm.

## Background

The appellant was stopped for driving without a front license plate. She exhibited several signs of intoxication and then did poorly on field sobriety tests. Police found PCP in her car, and a blood test showed PCP in her blood.

The appellant originally pled "not guilty." During jury selection, a venire member informed the trial court that he was a physician and based on the appellant's courtroom demeanor he believed "she's currently impaired." At the end of jury selection the trial court ordered the appellant to submit to a drug test before leaving the courthouse. Instead of immediately submitting to the test, the appellant got away from the probation officer and walked toward the exit. As the appellant neared the exit a deputy began chasing her. The appellant accelerated to a sprint but then ran into the doors, which were locked at that time of day. Two deputies arrested her and she was taken back for drug testing, which was positive for PCP. The trial court revoked her bond and had her taken into custody.

The next morning the appellant changed her plea to "guilty," without an agreed punishment. She chose to have the trial court assessment punishment.

At the punishment hearing a few weeks later, the State admitted a pre-sentence investigation report showing the appellant had three prior DWI convictions—one of which was charged as a felony but reduced to a misdemeanor—and a drug conviction.

The report detailed the appellant's admissions to drug use. She told the probation officer she had used every drug except heroin. The appellant, who was forty years old at the time of the interview, said she began using PCP when she was in her thirties. She said PCP was her drug of choice and she used it daily. This section of the report concludes, "[the appellant] then proceeds to say she is going to smoke PCP for the rest of her life and wants to party until the day she dies."

**Preservation**

The appellant asked for probation in the trial court but the trial court declined that request. The appellant's sole point of error is that her sentence is "grossly disproportionate to the crime committed," in violation of the Eighth Amendment to the federal constitution, which prohibits "cruel and unusual punishments." *See* U.S. CONST. amend. VIII.

Ordinarily a punishment that falls within the correct statutory range will not be considered "cruel and unusual." *Buerger v. State*, 60 S.W.3d 358, 365 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). The appellant concedes that her ten-year sentence is within the correct range for the third-degree felony to which she pleaded guilty. Still, the Supreme Court has recognized a narrow proportionality exception to this general rule. The proportionality exception allows defendants to claim that a sentence, although within the statutory range, is disproportionate to

actual offense. *Solem v. Helm*, 463 U.S. 277, 290 (1983); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).

Proportionality is a fact-intensive inquiry that requires knowledge of not just the case at bar but other cases:

> [A] court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.

*Solem*, at 463 U.S. at 292.

The appellant did not raise this claim in the trial court. That means the trial court was not put on notice that it should review those extraneous fact issues, and it means we have a record bereft of the information necessary to evaluate the claim. Eighth Amendment claims are subject to ordinary rules of forfeiture, and may not be raised for the first time on appeal. *See Noland*, 264 S.W.3d at 151. The appellant claims that her claim is not subject to forfeiture because it is constitutional, but "[m]any constitutional claims" are subject to forfeiture. *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993). The appellant's Eighth Amendment claim is one. We overrule her sole point of error as unpreserved.

## Conclusion

We affirm the trial court's judgment.

Clint Morgan
Justice

Panel consists of Justices Gunn, Caughey, and Morgan.

Do Not Publish.