MEMORANDUM OPINION

Nos. 04-04-00204-CR and 04-04-00205-CR

Javier Marquez WENCESLAO,
Appellant

v.

The STATE of Texas,
Appellee

From the 216th Judicial District Court, Kendall County, Texas 
Trial Court Nos. 4145 and 4155
Honorable Steve Ables, Judge Presiding
 
Opinion by:    Rebecca Simmons, Justice
 
Sitting:            Catherine Stone, Justice
Sarah B. Duncan, Justice
Rebecca Simmons, Justice
 
Delivered and Filed:   June 1, 2005

AFFIRMED
            Appellant, Javier Marquez Wenceslao (“ Wenceslao” ), was charged with the felony offenses
of burglary of a habitation with the intent to commit sexual assault and injury to a child. Appellant
made an “open plea” of guilty to the trial court, and was sentenced to sixty years in TDCJ-ID on the
burglary charge and two years in state jail on the injury to a child offense. Wenceslao’s court-appointed attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in
which he concludes that the appeal has no merit. Counsel provided Wenceslao with a copy of the
brief and informed him of his right to review the record and file his own brief. See Nichols v. State,
954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); Bruns v. State, 924 S.W.2d 176, 177
n.1 (Tex. App.—San Antonio 1996, no pet.). Wenceslao filed a pro se brief contending that he
received ineffective assistance of counsel and that the 60 year sentence is so grossly disproportionate
to the crime as to violate the Eighth Amendment to the United States Constitution


. 
INEFFECTIVE ASSISTANCE OF COUNSEL
            In two points, Wenceslao alleges that he received ineffective assistance of counsel under the
5th and 6th Amendment to the United States Constitution and that his guilty pleas were not
knowingly, intelligently, and voluntarily made and therefore in violation of his due process rights
under the 5th and 14th Amendments to the United States Constitution. U.S. Const. amend. V, VI,
XIV. Specifically Wenceslao alleges that trial counsel was ineffective by not discouraging
Wenceslao from pleading guilty to the offense of burglary of a habitation with the intent to commit
sexual assault when there was no plea bargain in place. Further, Wenceslao alleges that trial counsel
promised him he might receive probation and failed to adequately explain the consequences of a
guilty plea when the range of punishment was 5 to 99 years or life. Trial counsel also failed to object
to the admission, through the Pre-Sentence Investigation, of evidence that Wenceslao planned the
sexual assault by waiting outside the victim’s home overnight and other evidence of premeditation. 
No controverting testimony was offered. A variety of pictures and hearsay testimony were also
offered without objection.
            To reverse a criminal defendant’s conviction on ineffective assistance grounds, the defendant
must demonstrate by a preponderance of the evidence that: 1) counsel’s performance was so
deficient as to fall below an objective standard of reasonableness; and 2) there is a reasonable
probability, but for counsel’s unprofessional errors, that the result of the proceeding would have been
different. Rylander v. State, 101 S.W.3d 107, 109-10 (Tex. Crim. App. 2003) (citing Strickland v.
Washington, 477 U.S. 668, 691 (1984)). As a reviewing court, we cannot speculate as to the reasons
why trial counsel acted as she did; rather, we must be highly deferential and presume trial counsel’s
actions fell within the wide range of reasonable and professional assistance. See Bone v. State, 77
S.W.3d 828, 833 (Tex. Crim. App. 2002). Any allegations of ineffectiveness must be firmly founded
in the record. McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). 
            Generally, the trial record will not suffice to establish an ineffective assistance of counsel
claim. Thompson v. State, 9 S.W.3d 808, 813-814 (Tex. Crim. App. 1999). A silent record usually
cannot rebut the presumption that counsel’s performance resulted from sound or reasonable trial
strategy. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.1994). In this case Defendant’s
Plea of Guilt, Waivers, Stipulations of Evidence and Admonishments signed by Wenceslao contains
a specific admonishment that Wenceslao was charged with a First Degree felony and it provides the
range of punishment as 5 - 99 years. The record is silent or contradicts all of Wenceslao’s
complaints that his trial counsel was ineffective. Bone, 77 S.W.3d at 830. We conclude Wenceslao
has failed to overcome the strong presumption that his counsel performed in a reasonably
professional manner. See id. at 833; Thompson, 9 S.W.3d at 813-14.
 

DISPROPORTIONATE PUNISHMENT
            In one issue, Wenceslao argues that the sixty year sentence assessed against him constitutes
cruel and unusual punishment in violation of the Eighth Amendment of the United States
Constitution and Article 1, section thirteen of the Texas Constitution. U.S. Const. amend. VIII; Tex.
Const. art. I, § 13. He argues the sentence is excessive and disproportionate to the offenses
committed.
            Punishment is grossly disproportionate to the crime only if the sentence is extreme when
compared to the gravity of the offense. Baldridge v. State, 77 S.W.3d 890, 893 (Tex.
App.—Houston [14th Dist.] 2002, pet. ref’d). If a sentence is determined to be grossly
disproportionate to the offense, we then compare the sentence received to sentences for similar
crimes. Id. Wenceslao did not object at the sentencing hearing that the sentence imposed violated
his constitutional rights. Nor did he raise these arguments in a post-trial motion.


 To preserve a
complaint for appellate review, Wenceslao must have made a timely request, objection, or motion,
stating the specific grounds for the ruling sought. Tex. R. App. P. 33.1(a). It is well established that
failure to raise an Eighth Amendment objection at trial waives any such claim on appeal. Curry v.
State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995); Nicholas v. State, 56 S.W.3d 760, 768 (Tex.
App.—Houston [14th Dist.] 2001, pet. ref’d).
             Even had Wenceslao preserved his complaint for appellate review, it lacks merit.
Wenceslao’s sentence is not grossly disproportionate. Punishment assessed within the statutory
range is not disproportionate and does not violate the federal and state constitutional prohibitions
of cruel and unusual punishment. Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983);
Buerger v. State, 60 S.W.3d 358, 365 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). The
punishment range for burglary with intent to commit sexual assault is imprisonment for five to ninety
nine years or life. Tex. Pen. Code Ann. §§ 12.32, 30.02 (Vernon 2003). Wenceslao’s sixty year
sentence falls within the statutory range; therefore, it does not constitute excessive, cruel, or unusual
punishment. See Harris, 656 S.W.2d at 486.
CONCLUSION
            We have reviewed the record, counsel’s brief, and Wenceslao’s pro se brief. We agree that
the appeal is frivolous and without merit. The judgment of the trial court is affirmed. Appellate
counsel’s motion to withdraw is granted. Nichols v. State, 954 S.W.2d at 86; Bruns v. State, 924
S.W.2d at177 n.1.
 
Rebecca Simmons, Justice

DO NOT PUBLISH