Affirmed and Memorandum Opinion filed January 13, 2009








Affirmed and Memorandum Opinion filed January 13, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-01029-CR

_______________

 

TERRY RAY COX, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 300th District Court

Brazoria County, Texas

Trial Court Cause No. 35,240

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Appellant, Terry Ray Cox, challenges
the sentence assessed following the trial court=s finding that he violated the terms
of his community supervision after pleading guilty to aggravated sexual assault
of a child.  The trial court assessed punishment as confinement for 25 years. 
Appellant contends that the trial court erred by (1) denying appellant=s motion to suppress evidence
resulting from a search of his residence and his subsequent arrest; and (2)
revoking appellant=s community supervision based upon his failure to pay
community supervision fees.  We affirm.








Background

Appellant was indicted on March 5,
1999 on two counts of aggravated sexual assault of a child and one count of
indecency with a child.  On March 28, 2001, appellant entered into a plea
agreement under which the State would suggest that he receive 10 years of
community supervision in exchange for his guilty plea to one count of
aggravated sexual assault of a child.  The State agreed not to pursue the other
charges in the indictment.

On April 9, 2001, appellant and the
trial court signed a document containing written admonitions, waivers,
statements, appellant=s judicial confession, and appellant=s guilty plea.  These written
admonitions notified appellant that the offense to which he was pleading guilty
was a felony punishable by imprisonment from five to 99 years.  On May 2, 2001,
the trial court signed an order accepting appellant=s guilty plea and placing him on
community supervision for 10 years, as suggested by the State.

On April 20, 2007, appellant was
arrested at his residence for possession of a controlled substance.  On May 30,
2007, the State filed a motion to adjudicate guilt alleging that appellant had
violated the terms and conditions of his community supervision by committing an
offense against the laws of the state, and by failing to pay monthly community
supervision fees.  On October 9, 2007, the State filed an amended motion to
adjudicate guilt that included two additional allegations that appellant
violated the terms and conditions of his community supervision by associating
with two persons of disreputable or harmful character, namely Woodrow Campbell
and Dennis Riley.

On October 11, 2007, appellant filed
a motion to suppress all evidence resulting from the search of appellant=s residence and person and from his
arrest on April 20 on grounds that the entry into his residence constituted an
illegal search and seizure.  The trial court held a hearing on appellant=s motion to suppress that same day.








Angleton Police Officer Elizabeth
Cope testified during the suppression hearing that she went to a motel on April
20, 2007 to serve an arrest warrant on Michelle Robinson, an African-American
female.  Officer Cope testified that after she knocked on Robinson=s door and no one answered, the motel
manager informed her that Robinson had just gone to visit either Room 19 or
Room 20.  Officer Cope then went to Room 19, where the occupants informed her
that Robinson was in Room 20.

Officer Cope further testified that
after she knocked on the door to Room 20, a white female named Crystal Freed
answered the door.  Officer Cope told Freed she was looking for Michelle
Robinson.  Officer Cope asked for identification from the only African-American
female she saw inside Room 20, and Freed then told Officer Cope she could
enter.  Freed was the only person who gave Officer Cope permission to enter. 
At the time, no one had told Officer Cope that Freed resided in Room 20.  No
one in Room 20 objected when Freed invited Officer Cope to enter.

Officer Cope testified that, once she
had entered Room 20, she asked who lived there and appellant answered that he
did; this was the first time Officer Cope discovered who actually resided in
Room 20.  Officer Cope then asked appellant for permission to search the room _ which he gave _ and she saw drugs and drug
paraphernalia in plain view once she had entered the room.  Officer Cope
further testified that Freed appeared to her to have authority to allow her
entry into Room 20.

At the conclusion of the suppression
hearing, the trial court found that Freed had apparent authority to permit
Officer Cope to enter appellant=s room and denied appellant=s motion to suppress.  The trial
court immediately held a hearing on the amended motion to adjudicate guilt.

The trial court found that appellant
violated his community supervision in that he (1) committed an offense against
the laws of the state of Texas; (2) associated with two persons of disreputable
character, namely Woodrow Campbell and Dennis Riley; and (3) had the ability to
pay and failed to pay community supervision fees in the 31 months alleged.  The
trial court then found appellant guilty of the first degree felony offense of
aggravated sexual assault of a child and sentenced appellant to imprisonment
for 25 years.  The trial court signed a written judgment reflecting this
sentence on November 30, 2007.








Analysis

Appellant challenges the trial court=s denial of his motion to suppress
evidence resulting from a search of his residence and his subsequent arrest. 
This evidence was used by the State to prove three alleged violations of the
terms and conditions of appellant=s community supervision, resulting in
revocation of his community supervision.  Appellant also challenges the trial
court=s revocation of his community
supervision based upon the finding that he had the ability to pay his sex
offender and community supervision fees and failed to pay them. 

I.          Denial of Appellant=s Motion to Suppress

We review a trial court=s ruling on the admissibility of
evidence for abuse of discretion.  Willover v. State, 70 S.W.3d 841, 845
(Tex. Crim. App. 2002).  A trial court abuses its discretion when its decision
lies outside the zone of reasonable disagreement.  Green v. State, 934
S.W.2d 92, 101-02 (Tex. Crim. App. 1996).

The trial court is the sole judge of
the credibility of witnesses at a hearing on a motion to suppress evidence and
may choose to believe or disbelieve any or all of the witnesses= testimony.  Johnson v. State,
871 S.W.2d 744, 748 (Tex. Crim. App. 1994) (en banc).  The trial court also is
the sole trier of fact at a hearing on a motion to suppress, and we are not to
disturb any finding supported by the record.  Flores v. State, 871
S.W.2d 714, 721 (Tex. Crim. App. 1993) (en banc).

As a general rule, we afford almost
total deference to a trial court=s determination of the historical
facts the record supports, particularly when those factual findings are based
on an evaluation of the demeanor and credibility of witnesses.  Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (en banc).  We afford
deference to trial court rulings on application of law to fact questions if the
resolution of those questions turns on an evaluation of demeanor and
credibility of witnesses.  Id.  In reviewing a trial court=s ruling on a motion to suppress, we
review the evidence in the light most favorable to the trial court=s ruling.  Gutierrez v. State,
221 S.W.3d 680, 687 (Tex. Crim. App. 2007).








The burden is on the State to show
that an exception to the requirement of a search warrant existed.  See Self
v. State, 709 S.W.2d 662, 665 (Tex. Crim. App. 1986) (en banc).  A
warrantless search by police officers does not violate constitutional
protections against unreasonable searches and seizures if the officers have
obtained consent of a third party possessing common authority over the premises
to be inspected.  United States v. Matlock, 415 U.S. 164, 171 (1974). 
If consent is not obtained from someone with actual authority to consent to a
search, the search nevertheless may be proper if the consenting person had
apparent authority to do so.  Illinois v. Rodriguez, 497 U.S. 177,
188-89 (1990); Brown v. State, 212 S.W.3d 851, 868 (Tex. App.BHouston [14th Dist.] 2006, pet. ref=d).

A third party=s consent is valid if the facts
available to the officer at the time of the search would allow a person of
reasonable caution to believe the consenting party had authority over the
premises.  See Rodriguez, 497 U.S. at 188; Brown, 212 S.W.3d at
868.  If an officer reasonably believes the third party has common authority
over the premises to be searched, her good faith mistake will not invalidate
the search.  See Rodriguez, 497 U.S. at 188; Brown, 212 S.W.3d at
868.  This deference does not mean an officer may rely on consent given in
ambiguous circumstances, or when it appears clearly unreasonable to believe the
third party has authority to consent.  Brown, 212 S.W.3d at 868. 
However, the apparent authority doctrine should not be applied so strictly that
it becomes unworkable and places too heavy a burden on police.  Corea v.
State, 52 S.W.3d 311, 317 (Tex. App.BHouston [1st Dist.] 2001, pet. ref=d).

Appellant does not dispute that Freed
gave Officer Cope permission to enter appellant=s residence, but instead argues that
the trial court erred in finding that she had apparent authority to grant such
permission.  Thus, appellant=s issue turns on deciding whether Officer Cope=s belief that Freed had authority to
invite her into Room 20 was reasonable under the facts and circumstances known
to Officer Cope at the time.








At the time Freed invited Officer
Cope to enter appellant=s residence, Officer Cope had the following information: (1)
Michelle Robinson, an African-American female, resided in Room 31 of the motel
in question; (2) the motel manager and other motel residents indicated that
Robinson was visiting Room 20; (3) Officer Cope knocked on the door to Room 20
and Freed opened the door; (4) Officer Cope stated to Freed that she was
looking for Michelle Robinson; (5) after Officer Cope stated whom she was
seeking, all visible occupants of Room 20 turned and looked at the only
African-American female visible in the room; (6) Officer Cope requested
identification from the aforementioned female, who did turn out to be Robinson;
(7) Freed then invited Officer Cope into Room 20; and (8) none of Room 20=s occupants objected to Freed=s granting Officer Cope permission to
enter. 

The facts here parallel Valentin
v. State, No. 04-02-00507-CR, 2003 WL 1720949 (Tex. App.BSan Antonio Apr. 2, 2003, pet. ref=d) (mem. op., not designated for
publication).  In Valentin, an undercover police officer had information
that the defendant _ a suspected drug dealer _ resided in the apartment in question.  Id. at *1. 
The officer and an informant approached the apartment as the defendant was
leaving, at which point the defendant instructed them to wait outside until he
returned.  Id.  As the officer and informant waited, they noticed two or
three men inside the defendant=s apartment.  Id.  One of the men eventually invited
the officer into the residence, where they drank beer and watched television
until the defendant returned 20 minutes later.  Id.  The officer did not
know what connection, if any, the men had to the defendant or to the
apartment.  Id. at *2.  Once the defendant returned, the officer
observed him bagging heroin and bought heroin from him.  Id. at *1.  The
defendant never ordered the officer to leave or even questioned why he had
entered the apartment during the defendant=s absence.  Id. at *3.  The
defendant was subsequently arrested and convicted for delivery of a controlled
substance.  Id. at *1.  The man who invited the officer into the
defendant=s residence was found to have apparent authority to consent to the
officer=s warrantless entry under the
circumstances.  Id. at *3.








In this case, as in Valentin,
the officer was seeking a specific suspect and knew that suspect could be found
at the residence entered.  In both instances, the officer was invited into the
residence by a third party whom the officer did not know to have any particular
relationship to the suspect or to the residence beyond the third party=s invitation of the officer into the
residence after having been seen in the suspect=s company.  Here, as in Valentin,
appellant had the opportunity to order the officer to leave the premises once
the officer entered; in fact, appellant had an opportunity Valentin did not _ to immediately object
to the officer=s entry before the officer entered.  Neither Valentin nor
appellant availed themselves of their respective opportunities.  

Given the similarity of the current
case to Valentin, we agree with the trial court=s finding that Freed had apparent
authority to permit Officer Cope to enter appellant=s residence.  See also Maxwell v.
State, 73 S.W.3d 278, 280-81 (Tex. Crim. App. 2002) (co-driver of defendant=s tractor-trailer had apparent
authority to consent to search of vehicle when consent was given in defendant=s presence and defendant made no
objection); Brown, 212 S.W.3d 851, 867-68 (female identifying herself to
officer as Astaying in the room@ believed to be rented by suspect had apparent authority to
consent to officer=s entry); Whisenhunt v. State, 122 S.W.3d 295, 297-301
(Tex. App.BHouston [1st Dist.] 2003, pet. ref=d) (defendant=s housemate who called police to
investigate burglary of residence had apparent authority to consent to officer=s entry into defendant=s room).

Reviewing the evidence in the light most
favorable to the trial court=s ruling, we cannot say that the trial court abused its
discretion in finding that Officer Cope reasonably believed Freed had apparent
authority to consent to her entry into appellant=s residence.  See Gutierrez,
221 S.W.3d at 687; Willover, 70 S.W.3d at 845.  Thus, the trial court
did not err in denying appellant=s motion to suppress and admitting
evidence resulting from the search of his residence and his subsequent arrest.

We overrule appellant=s issue regarding the trial court=s denial of his motion to suppress
evidence resulting from the search of his residence and his subsequent arrest.

II.        Revocation of Community
Supervision for Failure to Pay Fees








A defendant can appeal from an
imposition of guilt from deferred adjudication occurring after June 15, 2007.  See
Tex. Code Crim. Proc. Ann. art. 42.12 _ 5(b) (Vernon Supp. 2008).  An imposition of guilt is
reviewed in the same manner as a revocation of community supervision.  Id.


When several violations of the terms
and conditions of community supervision are found by the trial court, the order
revoking community supervision shall be affirmed if the proof of any alleged
violation is sufficient.  Sanchez v. State, 603 S.W.2d 869, 870-71 (Tex.
Crim. App. [Panel Op.] 1980); Rodriguez v. State, 2 S.W.3d 744,
746 (Tex. App.BHouston [14th Dist.] 1999, no pet.).  A penalty assessed within the
proper punishment range generally will not be disturbed on appeal.  Buerger
v. State, 60 S.W.3d 358, 363 (Tex. App.BHouston [14th Dist.] 2001, pet. ref=d) (citing Jackson v. State,
680 S.W.2d 809, 814 (Tex. Crim. App. 1984)).

Aggravated sexual assault of a child
is a first degree felony punishable by confinement for no less than five and no
more than 99 years and a fine of up to $10,000.  See Tex. Penal Code
Ann. __ 12.32(a), (b); 22.021(a), (e)
(Vernon 2003).  Appellant received a sentence on the lower end of the range
permitted by the statute.  

We may affirm the trial court=s revocation of community supervision
and sentence within the statutory range based on its finding that appellant
committed three violations of the terms and conditions of his community
supervision unrelated to his failure to pay community supervision fees.  See
Sanchez, 603 S.W.2d at 870-71; Buerger, 60 S.W.3d at 363; Rodriguez,
2 S.W.3d at 746.  

As noted above, the trial court did
not abuse its discretion in denying appellant=s motion to suppress and, therefore,
properly found appellant violated the terms and conditions of his community
supervision by committing an offense against the laws of Texas and by
associating with two persons of disreputable or harmful character.  Because
these three violations provide a valid basis for revocation of community
supervision, we do not address any asserted error regarding appellant=s failure to pay community
supervision fees.

We overrule appellant=s issue regarding the trial court=s revocation of his community supervision
for failing to pay community supervision fees.








Conclusion

The trial court=s judgment is affirmed.

 

/s/        William J. Boyce

Justice

 

 

Panel consists of Justices Frost,
Brown, and Boyce.

Do Not Publish C Tex.
R. App. P. 47.2(b).