COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-093-CR

 

 

NATHAN FREEMAN                                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 211TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction








The
trial court adjudicated Appellant Nathan Freeman guilty of aggravated assault
and sentenced him to twenty years=
confinement.  In seven points, Freeman
argues that the trial court erred by denying his motion for continuance and his
trial counsel=s motion to withdraw and abused
its discretion by finding true five alleged community supervision violations
that Aresulted
in an increased punishment assessment by the trial court.@  We will affirm.

II.  Background

In
December 2007, pursuant to a plea bargain agreement, Freeman waived his right
to a jury trial, signed a judicial confession admitting guilt, and pleaded
guilty to the offense of aggravated assault. 
The trial court accepted the plea agreement, deferred adjudicating
Freeman=s guilt
for the offense of aggravated assault, and placed Freeman on five years=
deferred adjudication community supervision. 
The deferred adjudication order contained numerous terms and conditions
of Freeman=s community supervision.








On
October 2, 2008, the State filed a motion to proceed with an adjudication of
guilt.  The motion alleged that Freeman
had violated several terms and conditions of his community supervision by
(1) choking Holly Anne Tingle with his hand, hitting Tingle=s head
with his hand, throwing Tingle on the floor, and slamming Tingle on the sofa;
(2) failing to pay a fine in accordance with his payment plan for the
month of September 2008; (3) failing to pay court costs and any warrant
fee in accordance with his payment plan for the month of September 2008;
(4) failing to pay his court-appointed counsel fee in accordance with his
payment plan for the month of September 2008; (5) failing to complete four
hours per week of community service restitution; (6) failing to timely
complete a drug and alcohol evaluation; (7) failing to attend counseling
once per week and to continue attending counseling until released with
successful completion; (8) failing to timely submit to a psychological
evaluation; and (9) failing to participate in an anger management
course.  On March 4, 2009, the day of the
hearing on the State=s motion to adjudicate, the
trial court denied Freeman=s motion
for continuance and his trial counsel=s motion
to withdraw, both of which were filed that same day.  After a hearing on the motion, the trial
court found each of the State=s
allegations true, found Freeman guilty of the offense of aggravated assault,
and sentenced him to twenty years=
confinement.  Freeman appeals.

III.  Counsel of Choice

In his
first and second points, Freeman argues that the trial court denied him his
right to the counsel of his own choosing because it denied his motion for
continuance and his trial counsel=s motion
to withdraw.








The code
of criminal procedure provides that A[a]
criminal action may be continued on the written
motion . . . of the defendant, upon sufficient cause shown.@  Tex. Code Crim. Proc. Ann. art. 29.03 (Vernon
2006).  The grant or denial of a motion
for continuance is within the sound discretion of the trial court, and our
review of the denial of the motion is limited to whether the trial court abused
that discretion.  Renteria v. State,
206 S.W.3d 689, 699 (Tex. Crim. App. 2006); Janecka v. State, 937 S.W.2d
456, 468 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 825 (1997).








The
federal and Texas constitutions guarantee a defendant in a criminal proceeding
the right to have assistance of counsel. 
Gonzalez v. State, 117 S.W.3d 831, 836 (Tex. Crim. App.
2003).  The right to assistance of
counsel contemplates the defendant=s right
to obtain assistance from counsel of the defendant=s
choosing.[2]  Powell v. Alabama, 287 U.S. 45, 53, 53
S. Ct. 55, 58 (1932); Gonzalez, 117 S.W.3d at 836B37.  The defendant=s right
to the counsel of his choice, however, is neither unqualified nor absolute;
while there is a strong presumption in favor of a defendant=s right
to retain counsel of his choice, this presumption may be overridden by other
important considerations relating to the integrity of the judicial process and
the fair and orderly administration of justice. 
Gonzalez, 117 S.W.3d at 837. 
AAn
accused . . . may not use his constitutional right to
counsel so as to manipulate the commencement of his trial to suit his
convenience and pleasure.@ 
Neal v. State, 689 S.W.2d 420, 427 (Tex. Crim. App. 1984), cert.
denied, 474 U.S. 818 (1985).








There is
no mechanical test to evaluate when the denial of a continuance violates the
right to select counsel of one=s
choice; therefore, we must evaluate each scenario on a case-by-case basis.  See Ex parte Windham, 634 S.W.2d 718,
720 (Tex. Crim. App. 1982).  In deciding
whether to grant a continuance because of the absence of the defendant=s choice
of counsel, the trial court should weigh the following factors:  (1) the length of the delay requested;
(2) whether other continuances were requested and whether they were denied
or granted; (3) the length of time in which the accused=s
counsel had to prepare for trial; (4) whether another competent attorney
was prepared to try the case; (5) the balanced convenience or
inconvenience to the witnesses, the opposing counsel, and the trial court;
(6) whether the delay was for legitimate or contrived reasons;
(7) whether the case was complex or simple; (8) whether the denial of
the motion resulted in some identifiable harm to the defendant; and
(9) the quality of legal representation actually provided.  Id. 
It is not our role to reweigh the factors; instead, we must determine
whether the trial court could reasonably have balanced these factors and
concluded that the fair and efficient administration of justice weighed more
heavily than Freeman=s right to counsel of his
choice.  Greene v. State, 124
S.W.3d 789, 794 (Tex. App.CHouston
[1st Dist.] 2003, pet. ref=d).








The
State argues that Freeman did not preserve this issue for review.  Assuming without deciding that Freeman
preserved this issue for appellate review, the trial court did not abuse its
discretion by denying Freeman=s
motions.  The record demonstrates that
Freeman requested a continuance to Afind and
prepare for hearing with new counsel,@ but
there is no indication in the record regarding how long of a delay Freeman was
requesting to find and prepare for the hearing with new counsel.  The State filed its motion to proceed with an
adjudication of guilt on October 2, 2008, and Freeman=s trial
counsel filed a notice of representation and appearance the following day,
October 3, 2008.  The hearing on the
State=s motion
did not take place until March 4, 2009. 
Freeman=s trial counsel thus had several
months to prepare for the hearing.  There
is nothing in the record to show that another competent attorney was prepared
to try the case; indeed, at the hearing on the State=s
motion, Freeman=s trial counsel stated that
Freeman had just decided on AFriday@ (likely
February 27, 2009) that he wanted to find substitute counsel.  There is little explanation regarding the
reason for the requested delay; the motion for continuance stated that Freeman
wanted new counsel, and in the motion to withdraw, trial counsel reasoned that
Freeman Ahas
expressed concerns with my dedication to his cause, and he seeks to retain or
be appointed new counsel.@ 
Freeman concedes that the case Awas not
extremely difficult to try.@  At the hearing on the State=s
motion, Freeman=s trial counsel thoroughly
cross-examined the State=s witnesses, questioned Freeman
about the State=s allegations, and argued that
the court should take into consideration Freeman=s Asolid
work history@ and Ainterest
and desire to support his family@ when
determining his sentence.  No previous
continuances had been granted, but the case had been reset several times, and
the motion for continuance and motion to withdraw were filed on the day of the
hearing.

In light
of the record, the trial court could reasonably have balanced the Windham factors
and concluded that the fair and efficient administration of justice weighed
more heavily than Freeman=s right to counsel of his
choice.  See Windham, 634 S.W.2d
at 720; Greene, 124 S.W.3d at 794. 
Accordingly, we hold that the trial court did not abuse its discretion
by denying Freeman=s motion for continuance to
secure counsel of his choice and trial counsel=s motion
to withdraw.  We overrule Freeman=s first
and second points.

IV.  Sentence








In his
third, fourth, fifth, sixth, and seventh points, Freeman argues that the
evidence is insufficient to supportCand that
the trial court therefore abused its discretion by finding trueCthe
State=s
allegations that he violated his community supervision by failing to pay a
fine, failing to pay court costs, failing to pay his court-appointed counsel
fee, failing to timely complete a drug and alcohol evaluation, and failing to
timely submit to a psychological evaluation. 
But Freeman does not contest the trial court=s
decision to adjudicate his guilt; he does not challenge the trial court=s
findings of true to the State=s other
four allegations.  Instead, Freeman
argues that the trial court=s abuse
of discretion in finding true the above five allegations Aresulted
in an increased punishment assessment by the trial court.@  According to Freeman, Aif the
trial court had correctly found that these five violations [were] not true, a
lower punishment would have been assessed.@

It is
well established that proof by a preponderance of the evidence of any one of
the alleged violations of the conditions of community supervision is sufficient
to support a revocation order.  Moore
v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); Sanchez
v. State, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).  Further, article 42.12, section 5(b) provides
that, once guilt is adjudicated, the case then proceeds as though adjudication
of guilt was never deferred.  Tex. Code Crim.
Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2009).








Sentencing
is within the sound discretion of the trial court.  Jackson v. State, 680 S.W.2d 809, 814
(Tex. Crim. App. 1984).  Generally, as
long as a sentence is within the statutory range of punishment and has a
factual basis in the record, it will not be disturbed on appeal.  Id. 
Accordingly, once guilt is adjudicated, a defendant is subject to the
entire range of punishment for the offense. 
Ditto v. State, 988 S.W.2d 236, 238B39 (Tex.
Crim. App. 1999); Buerger v. State, 60 S.W.3d 358, 365 (Tex. App.CHouston
[14th Dist.] 2001, pet. ref=d).

Aggravated
assault is a second degree felony, punishable by imprisonment for any term of
not more than twenty years or less than two years.  Tex. Penal Code Ann. ''
12.33(a), 22.02(b) (Vernon Supp. 2009).








Here, at
the adjudication hearing, a Denton County probation supervisor testified that
Freeman was in violation of each ground alleged by the State in its motion to
adjudicate.  Also, Tingle testified that
she dated Freeman for two to three months; that Freeman moved in with her at
some point before August 11, 2008; that on August 11, 2008, Freeman Atossed@ her
around, threw her on her bed, and choked her with his hand; and that on August
13, 2008, Freeman slapped her face with a cell phone bill, Atossed@ her
around on the ground and on the couch, causing her to hit her head, and hit her
ear with his hand, which he had wrapped in a towel.  After considering the evidence adduced at the
hearing, the trial court found the State=s
allegations true and adjudicated Freeman guilty of aggravated assault.  Freeman=s
twenty-year sentence is within the authorized penalty range, and he does not
challenge the trial court=s findings of true to the State=s
allegations that he violated his community supervision by choking Tingle,
hitting Tingle, throwing Tingle on the floor, and slamming Tingle on the sofa;
failing to complete community service restitution; failing to attend
counseling; and failing to participate in an anger management course.  Freeman=s
argument that he would have received a lesser sentence had the trial court not
found true the five challenged allegations is unpersuasive because the trial
court could have sentenced him to twenty years=
confinement based on its findings of true to the allegations that he does not
challenge.  Accordingly, we overrule
Freeman=s third,
fourth, fifth, sixth, and seventh points.

V.  Conclusion

Having
overruled Freeman=s seven points, we affirm the
trial court=s judgment.

PER CURIAM

 

PANEL:  MEIER, DAUPHINOT, and
GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December 10, 2009











[1]See Tex. R. App. P. 47.4.





[2]Freeman states in his
brief that the trial court denied him the right to counsel of his own choice
under the United States Constitution and the Texas Constitution, but he does
not set forth any argument or authority that the protections afforded by the
Texas Constitution differ from the protections afforded by the United States
Constitution.  We therefore do not separately
analyze Freeman=s inadequately briefed
state constitutional contention.  See,
e.g., Obando v. State, No. 14-07-00359-CR, 2008 WL 2133292, at *1 n.1 (Tex.
App.CHouston [14th Dist.] May
20, 2008, no pet.) (mem. op., not designated for publication); see also Tex.
R. App. P. 38.1(I).