In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00375-CR
_____

TRIVON NASHON JOUBERT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 12-13399

**MEMORANDUM OPINION**

Pursuant to a plea bargain agreement, appellant Trivon Nashon Joubert entered a plea of guilty to the offense of aggravated robbery, a first-degree felony. *See* Tex. Penal Code Ann. § 29.03(a)(2), (b) (West 2011). The trial court found the evidence sufficient to find Joubert guilty, but deferred further proceedings, placed Joubert on community supervision for seven years, and ordered Joubert to pay a fine of $1,000 and restitution in the amount of $69.50. Thereafter, the State filed a motion to revoke Joubert's unadjudicated community supervision. The State

1

alleged that Joubert violated the conditions of his community supervision by committing the offense of burglary of a habitation. During the revocation hearing, Joubert pleaded "true" to this allegation. The trial court found that Joubert violated the conditions of his community supervision, revoked his community supervision, found him guilty of aggravated robbery, and sentenced him to forty-five years in prison.

### Failure to Consider Full Range of Punishment

In his first point of error, Joubert argues that the trial court violated his right to due process by arbitrarily refusing to consider the entire range of punishment for his offense. Joubert contends that the trial court was not a fair and impartial tribunal because the trial judge "berated" him during the revocation hearing and sentenced him to the "maximum term" without considering a lesser sentence and without considering mitigating circumstances presented by Joubert. The State argues that Joubert has not clearly demonstrated that the trial court was biased or that it arbitrarily failed to consider the full punishment range. We agree with the State.

The Due Process Clause of the Fourteenth Amendment provides that no State may "deprive any person of life, liberty, or property, without due process of law[.]" *See* U.S. CONST. amend. XIV, § 1. Similarly, the Texas Constitution

2

provides that "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities . . . except by the due course of the law of the land." Tex. Const. art. I, § 19. "The touchstone of due process is fundamental fairness." *Euler v. State*, 218 S.W.3d 88, 91 (Tex. Crim. App. 2007). Accordingly, "[t]he Constitutional mandate of due process requires a neutral and detached judicial officer who will consider the full range of punishment and mitigating evidence." *Buerger v. State*, 60 S.W.3d 358, 363-64 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786-87 (1973)). A trial court denies a defendant due process by arbitrarily refusing to consider the entire range of punishment for an offense. *Ex parte Brown*, 158 S.W.3d 449, 454, 456 (Tex. Crim. App. 2005). Likewise, a trial court denies a defendant due process when it refuses to consider mitigating evidence and imposes a predetermined punishment. *Buerger*, 60 S.W.3d at 364. However, in the absence of a clear showing to the contrary, a reviewing court must presume that the trial court was neutral and detached in sentencing the defendant and considered the full range of punishment. *See Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006); *Jaenicke v. State*, 109 S.W.3d 793, 796 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (op. on reh'g).

In order to preserve appellate review of a complaint that the trial court arbitrarily refused to consider the entire range of punishment, the defendant must make a timely objection at the trial court level. *See* Tex. R. App. P. 33.1; *Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd). "This rule ensures that trial courts are provided an opportunity to correct their own mistakes at the most convenient and appropriate time—when the mistakes are alleged to have been made." *Hull v. State*, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002). In the present case, the record does not reflect that Joubert objected to the trial court's alleged failure to consider the full range of punishment at the trial court level. Nevertheless, Joubert argues that under the Texas Court of Criminal Appeals's decision in *Ex parte Brown*, he was not required to make a contemporaneous objection because the evidence that the court failed to consider the full range of punishment was ambiguous. *See* 158 S.W.3d at 453 & n.3. Even if we were to assume that Joubert's contention is correct and that he was excused from the long-standing rule that errors in sentencing are waived by the failure to object, we conclude that the record does not support Joubert's argument that the trial court arbitrarily refused to consider the entire range of punishment for his offense.

The punishment range for aggravated robbery, a first-degree felony, is five to ninety-nine years or life and a fine of up to $10,000. *See* Tex. Penal Code Ann.

§§ 12.32, 29.03(b) (West 2011). The trial court's forty-five year sentence clearly falls within the middle of this range and does not impose the "maximum term," as Joubert contends in his brief. *See id*. § 12.32. Further, the record reflects that the trial court heard arguments from both the prosecutor and defense counsel and reviewed the evidence before deciding to revoke Joubert's community supervision and assessing punishment. Specifically, the record reflects that before making his decision, the trial court asked for defense counsel's comments. Joubert's attorney advised the trial court of several mitigating circumstances, including Joubert's attempts to gain employment while on probation, his completion of a portion of his community service hours, his lack of criminal convictions, his successful completion of juvenile probation, his age, and the fact that he had dependents to support. The trial court also reviewed a letter from Joubert's mother requesting leniency and provided Joubert with an opportunity to speak on his own behalf. The record, however, also reflects that the trial court heard argument from the State and reviewed evidence of several aggravating factors, including the violent nature of Joubert's underlying aggravated robbery offense and his subsequent failure to refrain from criminal behavior, despite being placed on "zero tolerance" community supervision. During the revocation hearing, the trial court reviewed a copy of the presentence investigation report for Joubert's underlying aggravated

robbery offense. The report indicated that Joubert and another individual robbed a Dunkin Donuts restaurant at gunpoint, that the robbery was Joubert's idea, that the victim felt her life was in danger, and that Joubert stated afterward that he had no remorse for committing the robbery. During the revocation hearing, the trial court questioned Joubert regarding his remorse following the aggravated robbery offense, and Joubert again admitted that he had felt no remorse when he committed the offense. Further, the record reflects that while on probation, Joubert committed the additional offense of burglary of a habitation, a second-degree felony. Joubert admitted at the revocation hearing that one of the items he had stolen during the burglary was a firearm. After receiving argument from both sides regarding the mitigating and aggravating factors, the trial judge inquired of the parties, "So, what's fair? I got anywhere from five to 99 years or life. What's the right thing to do with a person that demonstrates that he's going to continue to do whatever he wants to do and put people in harm's way?"

Nothing in the record suggests that the trial judge refused to consider the mitigating circumstances presented by Joubert's attorney, imposed a predetermined punishment, or arbitrarily refused to consider the entire range of punishment in assessing Joubert's sentence. Instead, the record reflects that the trial court listened to the arguments presented by both sides, reviewed the evidence in the

6

record before it, and determined that forty-five years was an appropriate punishment. Further, the judge's comments during the revocation hearing demonstrate that he was aware of the range of punishment for aggravated robbery, and there is nothing in the record that rebuts the presumption that he considered this range in assessing Joubert's punishment. We conclude, therefore, that Joubert has not met his burden of demonstrating that the trial court arbitrarily failed to consider the full range of punishment.

We also find nothing in the record to establish that the trial judge was biased or prejudiced or otherwise failed to remain detached and neutral during the revocation hearing. "[T]he terms 'bias' and 'prejudice' do not encompass all unfavorable rulings towards an individual, or [his] case[.]" *Abdygapparova v. State*, 243 S.W.3d 191, 198 (Tex. App.—San Antonio 2007, pet. ref'd). Rather, such terms "must 'connote a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . , or because it is excessive in degree.'" *Id.* (quoting *Liteky v. United States*, 510 U.S. 540, 550 (1994)). "Judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Dockstader v. State*, 233 S.W.3d 98,

7

108 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). Further, "expressions of impatience, dissatisfaction, annoyance, and even anger" do not establish bias or partiality. *Liteky*, 510 U.S. at 555-56. Rather, the defendant must show "a 'deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Abdygapparova*, 243 S.W.3d at 198 (quoting *Liteky*, 510 U.S. at 555).

Joubert argues that the trial court's failure to remain detached and neutral is evidenced by the fact that the trial judge "berated" him during the revocation hearing. Joubert, however, fails to identify any specific statement, action, or inaction by the trial judge that he contends constitutes a failure to remain impartial or a deep-seated favoritism or antagonism that would make fair judgment impossible. After conducting an independent review of the record, we do not find anything in the record indicating that the trial court failed to remain detached and neutral during the revocation hearing. While the trial judge's comments to Joubert during the revocation hearing reflect the court's concern over the seriousness of Joubert's offenses, his lack of remorse for his criminal behavior, and his refusal to refrain from engaging in criminal conduct while on community supervision, these comments are insufficient to establish that the trial court failed to consider the law and the relevant facts in a detached and neutral manner. We perceive no denial of

8

due process under the state or federal constitution.  Accordingly, we overrule Joubert's first point of error.

## Cruel and Unusual Punishment

As part of his first point of error, Joubert also argues that the trial court punished him for being a drug addict, which, he contends, "constitutes 'cruel and unusual punishment' in violation of the Eighth and Fourteenth Amendments to the United States Constitution."  Joubert's argument concerning this point consists of three sentences in his brief.  Joubert does not cite to any portion of the record in support of this argument, and our review of the record reveals that Joubert's drug use, if any, or his purported status as a "drug addict" was not raised by anyone at any point during the revocation hearing.  Accordingly, we overrule this point of error.

## Assessment of Fine

In his second point of error, Joubert contends the trial court erred by including a $500 fine in its written judgment when the court did not orally pronounce the fine at the time of sentencing during the revocation hearing.  It is well-established that the trial court must orally pronounce a defendant's sentence in the defendant's presence.  Tex. Code Crim. Proc. Ann. art. 42.03, § 1(a) (West Supp. 2013); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).  The

judgment is merely the written declaration and embodiment of the trial court's oral pronouncement. *See Taylor*, 131 S.W.3d at 500. When there is a conflict between the oral pronouncement of the sentence and the written judgment, the oral pronouncement controls. *Id.* A fine is a form of punishment; therefore, it cannot be included in the written judgment of conviction unless it was included in the oral pronouncement of sentence. *Id*. at 500–02 (concluding that fine should be deleted from written judgment because it was not orally pronounced when deferred adjudication was revoked).

After the trial court revoked Joubert's community supervision and adjudicated him guilty of aggravated robbery, the court orally pronounced Joubert's sentence at forty-five years' imprisonment. The transcript from the revocation hearing does not reflect that the trial court orally pronounced a fine. Accordingly, we must examine the written judgment adjudicating guilt to determine whether it impermissibly assesses a fine against Joubert. On the first page of the judgment, the space underneath the heading "Fine" is left blank. On the second page, the judgment orders "Defendant punished as indicated on page 1" and orders "Defendant to pay all fines . . . as indicated on page 1." As noted, page 1 of the judgment does not assess a fine. We conclude, therefore, that the

10

judgment does not assess a fine against Joubert. We overrule Joubert's second point of error.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on April 9, 2014
Opinion Delivered June 25, 2014
Do not publish

Before McKeithen, C.J., Kreger and Horton, JJ.

11