In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00516-CR**
_____

**BRANDI LEIGH BERWICK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 12-14971**

**MEMORANDUM OPINION**

Pursuant to a plea bargain agreement, appellant Brandi Leigh Berwick[1] pled guilty to the offense of theft of property valued at less than $1,500 while having two or more prior theft convictions, a state jail felony. *See* Tex. Penal Code Ann. § 31.03(e)(4)(D) (West Supp. 2013). The trial court adjudged Berwick guilty and assessed her punishment at two years of imprisonment, but suspended Berwick's sentence and placed her on community supervision for five years. Thereafter, the

[1] Brandi Leigh Berwick is also known as Brandi Berwick.

1

State filed a motion to revoke Berwick's community supervision. During the hearing on the motion to revoke, Berwick pled "true" to violating five conditions of her community supervision. At the conclusion of the revocation hearing, the trial court found that Berwick violated the conditions of her community supervision, revoked Berwick's community supervision, and sentenced Berwick to two years of confinement in state jail. Berwick timely filed a notice of appeal.

**Failure to Consider Full Range of Punishment**

In her first issue, Berwick argues that the trial court violated her right to due process by arbitrarily refusing to consider the entire range of punishment for her offense. Berwick contends that the trial court was not a fair and impartial tribunal because the trial judge "berated" her during the revocation hearing and sentenced her to the maximum term without considering a lesser sentence and without considering mitigating circumstances presented by Berwick. The State argues that Berwick waived this argument by failing to object at the trial court level. The State further argues that even if no waiver occurred, there is nothing in the record to substantiate Berwick's claim that the trial court failed to consider the entire range of punishment.

The Due Process Clause of the Fourteenth Amendment provides that no State may "deprive any person of life, liberty, or property, without due process of

law[.]" U.S. CONST. amend. XIV, § 1. Similarly, the Texas Constitution provides that "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities . . . except by the due course of the law of the land." Tex. Const. art. I, § 19. "The touchstone of due process is fundamental fairness." *Euler v. State*, 218 S.W.3d 88, 91 (Tex. Crim. App. 2007). Accordingly, "[t]he Constitutional mandate of due process requires a neutral and detached judicial officer who will consider the full range of punishment and mitigating evidence." *Buerger v. State*, 60 S.W.3d 358, 363-64 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786-87 (1973)). A trial court denies a defendant due process by arbitrarily refusing to consider the entire range of punishment for an offense. *Ex parte Brown*, 158 S.W.3d 449, 454, 456 (Tex. Crim. App. 2005). Likewise, a trial court denies a defendant due process when it refuses to consider mitigating evidence and imposes a predetermined punishment. *Buerger*, 60 S.W.3d at 364. However, in the absence of a clear showing to the contrary, a reviewing court must presume that the trial court was neutral and detached in sentencing the defendant and considered the full range of punishment. *See Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006); *Jaenicke v. State*, 109 S.W.3d 793, 796 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (op. on reh'g).

3

In order to preserve appellate review of a complaint that the trial court arbitrarily refused to consider the entire range of punishment, the defendant must make a timely objection at the trial court level. *See* Tex. R. App. P. 33.1; *Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd). "This rule ensures that trial courts are provided an opportunity to correct their own mistakes at the most convenient and appropriate time—when the mistakes are alleged to have been made." *Hull v. State*, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002). In the present case, the record does not reflect that Berwick objected to the trial court's alleged failure to consider the full range of punishment at the trial court level. Nevertheless, Berwick argues that under the Texas Court of Criminal Appeals's decision in *Ex parte Brown*, she was not required to make a contemporaneous objection because the evidence that the court failed to consider the full range of punishment was ambiguous. *See* 158 S.W.3d at 453 & n.3. Even if we were to assume that Berwick's contention is correct and that she was excused from the long-standing rule that errors in sentencing are waived by the failure to object, we conclude that the record does not support Berwick's argument that the trial judge arbitrarily refused to consider the entire range of punishment for her offense.

4

As noted, Berwick pled guilty to the offense of theft of property valued at less than $1,500 while having two or more prior theft convictions, a state jail felony. *See* Tex. Penal Code Ann. § 31.03(e)(4)(D). The punishment range for a state jail felony is 180 days to two years of confinement in state jail and a fine of up to $10,000. *See id.* § 12.35(a)-(b) (West Supp. 2013). During the revocation hearing, the trial judge advised Berwick of the applicable punishment range and asked her questions to ensure she understood that she could be sentenced anywhere within that range if she pled true to the allegations in the State's motion to revoke.

Further, the record of the revocation hearing reflects that the trial judge heard arguments from both the prosecutor and defense counsel before deciding to revoke Berwick's community supervision and assess punishment. In support of its request for revocation, the State pointed to multiple aggravating circumstances, including Berwick's criminal history, prior probation revocation, and continued criminal behavior while on community supervision. Specifically, the record reflects that Berwick had two prior misdemeanor convictions for theft in 2006 and 2007 and two convictions for felony credit card abuse in 2011. Although Berwick had received probation for at least one prior offense, that probation was later revoked. Further, the record reflects that approximately one month after being placed on probation for the underlying offense of felony theft, Berwick committed

5

the additional offense of forgery of a financial instrument by attempting to negotiate a counterfeit check. During the revocation hearing, Berwick pled true to committing the forgery offense.

In mitigation of her offenses, Berwick argued that her criminal behavior while on probation had been fueled by an addiction to drugs, and she requested to be placed in JCDI [2] rather than be sent to state jail. The trial judge, however, noted that Berwick had previously been ordered to attend treatment at SAFPF[3] and explained to Berwick: "[I]n all fairness to you, so you know, JCDI is seldom, if ever, an option after you went to SAFPF. . . . [I]f you fail SAFPF, then failed to progress from SAFPF, then, I mean, that's as intensive as we can do." The only other mitigating circumstance raised during the revocation hearing was that Berwick had given birth to a son approximately two months before the revocation

---

[2] "JCDI" is an acronym for "Jefferson County Drug Intervention." Jefferson County CSCD: Divisions of the Jefferson County CSCD, *available at* http://www.co.jefferson.tx.us/adult_prob/AdultAbout.htm (last visited September 3, 2014). JCDI consists of "out-patient drug and alcohol treatment in a Drug Court setting for clients who are addicted or abusing substances." *Id*.

[3] "SAFPF" is an acronym for "Substance Abuse Felony Punishment Facility." Jefferson County CSCD: Divisions of the Jefferson County CSCD, *available at* http://www.co.jefferson.tx.us/adult_prob/AdultAbout.htm (last visited September 3, 2014). SAFPF is "[a] long term treatment program for drug and alcohol addiction consisting of 6-12 months in a SAFPF Facility followed by approximately 90 days in a residential treatment center and finishing with up to nine months in a supportive out-patient program." *Id*.

hearing. The record before the trial court, however, reflected that Berwick had tested positive for methamphetamines, amphetamines, benzodiazepines, opiates, and tetrahydrocannabinol at the time she gave birth to her son; that her son was born at twenty-seven weeks gestation (thirteen weeks premature) with severe bleeding of the brain; that her son tested positive for at least one illegal substance at birth; that her son remained in critical condition at the hospital as of the time of the revocation hearing; and that Child Protective Services had opened a case to investigate Berwick. Berwick admitted during the revocation hearing that both she and her infant son had tested positive for drugs at the time her son was born, but denied that the drugs had anything to do with the child's premature birth or his extensive medical problems.

Nothing in the record suggests that the trial judge refused to consider the mitigating circumstances presented by Berwick during the revocation hearing. Likewise, nothing in the record indicates that the trial judge imposed a predetermined punishment or arbitrarily refused to consider the entire range of punishment in assessing Berwick's sentence. Instead, the record reflects that the trial judge listened to the arguments presented by both sides, reviewed the evidence in the record before him, and determined that two years was an appropriate punishment, particularly considering Berwick's prior convictions, her continued

7

failure to comply with the conditions of her community supervision, and her previous stint in SAFPF. Further, the judge's comments during the revocation hearing demonstrate that he was aware of the range of punishment for the charged offense, and there is nothing in the record that rebuts the presumption that the trial judge considered this range in assessing Berwick's punishment. We conclude, therefore, that Berwick has not met her burden of demonstrating that the trial judge arbitrarily failed to consider the full range of punishment.

We also find nothing in the record to establish that the trial judge was biased or prejudiced or otherwise failed to remain detached and neutral during the revocation hearing. "[T]he terms 'bias' and 'prejudice' do not encompass all unfavorable rulings towards an individual, or her case[.]" *Abdygapparova v. State*, 243 S.W.3d 191, 198 (Tex. App.—San Antonio 2007, pet. ref'd). Rather, such terms "must 'connote a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . , or because it is excessive in degree.'" *Id.* (quoting *Liteky v. United States*, 510 U.S. 540, 550 (1994)). "Judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Dockstader v. State*, 233 S.W.3d 98,

8

108 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). Further, "expressions of impatience, dissatisfaction, annoyance, and even anger" do not establish bias or partiality. *Liteky*, 510 U.S. at 555-56. Rather, the defendant must show a "'deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Abdygapparova*, 243 S.W.3d at 198 (quoting *Liteky*, 510 U.S. at 555).

Berwick argues that the trial court's failure to remain detached and neutral is evidenced by the fact that the trial judge "berated" her during the revocation hearing. Berwick, however, fails to identify any specific statement, action, or inaction by the trial judge that she contends constitutes a failure to remain impartial or a deep-seated favoritism or antagonism that would make fair judgment impossible. After conducting an independent review of the record, we do not find anything in the record indicating that the trial court failed to remain detached and neutral during the revocation hearing. While the trial judge's comments about Berwick's drug use while she was pregnant reflect the trial judge's concern over the extent of Berwick's difficulty in controlling her behavior and ability to make the right choices, these comments do not reflect that the trial judge failed to consider the law and the relevant facts in a neutral and detached manner. We perceive no denial of due process under the state or federal constitution. Accordingly, we overrule Berwick's first point of error.

9

## Cruel and Unusual Punishment

As part of her first point of error, Berwick also argues that the trial judge punished her for being a "drug addict," which, she contends, "constitutes 'cruel and unusual punishment' in violation of the Eighth and Fourteenth Amendments to the United States Constitution." Berwick, however, did not object to her sentence either at the time it was imposed or in a motion for new trial. It is well-established that even constitutional rights, including the right to be free from cruel and unusual punishment, may be waived by the failure to raise a timely objection in the trial court. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). By failing to object in the trial court, Berwick has waived her complaint. *See* Tex. R. App. P. 33.1. Accordingly, we overrule this point of error.

## Assessment of Fine

In her second point of error, Berwick contends the trial court erred by including a $500 fine in its written judgment when the court did not orally pronounce the fine at the time of sentencing during the revocation hearing. However, after the briefing in this case was filed, the parties jointly filed a document entitled "Amendment Appellant's Second Issue," which states that "upon closer inspection of the record and in accord with applicable statute and case

law, [Berwick] and the State agree there is no error in the matter of any fine having been assessed at final conviction in this cause."  Because Berwick concedes no error with respect to her argument that the trial court improperly assessed a $500 fine, we need not address Berwick's second issue on appeal.  *See* Tex. R. App. P. 47.1.  The judgment of the trial court is affirmed.

AFFIRMED .

_____
CHARLES KREGER
Justice

Submitted on June 30, 2014
Opinion Delivered September 3, 2014
Do not publish

Before Kreger, Horton, and Johnson, JJ.

11